McBride *v.* Ark-La. Industries.

5-2813                                361 S. W. 2d 532

Opinion delivered November 5, 1962.

*R. D. Rouse,* for appellant.

*James H. Pilkinton,* for appellee.

Sam Robinson, Associate Justice. On the 4th day of November, 1959, appellant, Mrs. Louise E. McBride, went to work for appellee, Ark-La Industries, at its furniture factory at Emmett, Arkansas. On the 27th day of January, 1960, while helping to stack a crated dresser weighing about 90 pounds, Mrs. McBride fell, and according to the evidence and to the finding of the Workmen's Compensation Commission, she injured her back at that time. She continued to work, however, for the rest of that day, but the next morning went to see the doctor. She then returned to work and finished out that day. The next two days she was unable to return to work, but on the third day she went back to her job and worked until February 26, when she again went to the doctor. At that time she was placed in the hospital, where she stayed for about 12 days, but on her release from the hospital she did not return to work.

Later, she applied for workmen's compensation and was allowed disability benefits for a total of only 54 days. She has appealed from the order of the Commission.

The uncontradicted evidence is that Mrs. McBride did fall while helping to handle the heavy dresser on January 27, and that the dresser partly fell on her. Dr. Glenn G. Hairston testified that she was able to return to work on April 17, 1960, but Mrs. McBride testified that she was not able to return to work at that time; that the pain in her back and in her leg was so great that she could not stand to work.

It cannot be said that Dr. Hairston's testimony is substantial to the effect that Mrs. McBride was able to return to work on April 17, because on the 16th of May, he certified as follows: "This is to certify that Mrs. McBride has recovered from her recent hospitalization, and is able to return to work as of April 17, 1960. She should not do work that requires stooping, bending, or heavy lifting." As a matter of fact, this certificate amounted to a certification that Mrs. McBride was not able to work at her job, because the job she had in the shipping department of appellant's factory required her to stoop and bend, even if it did not require heavy lifting. There is no other evidence in the record that Mrs. McBride was able to return to work on April 17, and Dr. Hairston's testimony is not substantial to that effect.

On February 27, 1961, Mrs. McBride was admitted to the University of Arkansas Hospital in Little Rock because of the condition of her back, and was released on March 4, five days later. Dr. James A. Brown of the University Hospital, testified that the final diagnosis was: "Normal patient. No objective evidence of disease found."

The testimony of Dr. Hairston and Dr. Brown is the only evidence in the record that Mrs. McBride is not suffering from disability with her back. We have called attention to the inconsistency of Dr. Hairston's testimony in that respect, and we think that Dr. Brown's testimony is even more inconsistent. When he examined Mrs. McBride in February, 1961, he gave a diagnosis of a normal patient with no objective evidence of disease, but he testified that the patient developed numbness over the postero-lateral aspect of the right leg one year

ago (which would be about one month after the alleged injury occurred); that the patient walks stooped over because she has such pain; that there is anesthesia to pinprick over the lateral aspect of the right leg and the posterior aspect of the right buttock up to the level of L-5; that there was found to be present decreased bilateral knee jerks; that posterotibial reflex was absent bilaterally; that proprioception appeared to be absent in the right foot but not in the left; that the admitting impression was herniated nuclea pulposus at L-3, -4 level; and that there was a slight narrowing of the lumboscral joint. He further testified that upon being discharged from the hospital, the patient was told to continue to use heat to her back and analgesics as necessary. It is hard to understand why, if nothing was wrong with the woman, it was necessary to continue the use of heat to her back and analgesics.

Dr. Charles Avery testified that he first treated Mrs. McBride for her back January 28, 1960, and that he has treated her for her back off and on since that time; that she has been to see him 17 times because of her back; that the patient had been advised to avoid lifting completely, bending or stooping, and to sleep on a hard mattress. Dr. Avery further testified that he sent Mrs. McBride to Dr. John M. Hundley, an orthopedic surgeon in Little Rock, and that she had not been able to work since the date of her injury.

Dr. Hundley testified that his examination of Mrs. McBride reveals tenderness over the L4 region (4th lumbar vertebra); that flexion of the trunk is 25 per cent of normal; extension is 75 per cent of normal, accompanied by pain in the lumbosacral area; that there is hypalgesia over the lateral aspect of the right thigh and leg; that x-rays showed an abnormal condition of the spine around the 4th and 5th lumbar vertebra; that there was a degeneration of the nucleus pulposis, with probable herniation; and that he felt that she had a pre-existing degeneration of the spine which could have been aggravated by heavy lifting.

After reviewing the Medical Center reports, Dr. Hundley made an additional report and stated: "The conclusions of the doctor at the Medical Center are not in keeping with the objective clinical and x-ray findings —as there are reported abnormalities on examination and x-ray and yet it was deduced the patient was normal without disease. This quite obviously is not in agreement with their findings, nor in my findings and opinion."

"Since there is organic evidence of injury and/or aggravation of a pre-existing condition, I must conclude that as a result of the incident of January 1960 that this patient does have 10 per cent permanent partial disability of the body as a whole due to the injury."

Of course, this Court has held many times that a decision of the Workmen's Compensation Commission will be affirmed if there is any substantial evidence to support it. Here, the Commission made a finding that Mrs. McBride received an injury during the course of her employment. There is substantial evidence that she had not recovered from such injury on April 17, 1960, which was the end of the compensation period as found by the Commission.

When the testimony of Dr. Hairston and Dr. Brown is viewed in its entirety, as heretofore pointed out, we do not think it is substantial evidence that Mrs. McBride was able to return to work on April 17, 1960, and there is no other evidence in the record of any kind that she was able to return to work at that time.

Accordingly, the judgment is reversed and the cause remanded for further consideration by the Commission.

McFADDIN, J., not participating.