**STATE of Missouri, Respondent,**

v.

**Alton M. PERKINS, Appellant.**

**No. KCD 28633.**

Missouri Court of Appeals,
Kansas City District.

Oct. 31, 1977.

Clifford A. Cohen, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Robert L. Presson, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P. J., SWOFFORD, C. J., and DIXON, J.

SWOFFORD, Chief Judge.

After a jury verdict of conviction, the appellant (defendant) was sentenced to fifty (50) years for Robbery First Degree (Section 560.135 RSMo 1969) and to two (2) years for Assault with Intent to Rape (Section 559.190 RSMo 1969), such sentences to run concurrently.

He appeals from this judgment and raises a single point upon which he seeks reversal and remand. He asserts that the court erred in overruling his motion to suppress and subsequently allowing testimony concerning identification of the defendant because such identification procedure was conducted after he had been charged with the crimes, without the presence or assistance of counsel, in violation of his constitutional rights.

Although defendant does not challenge the sufficiency of the evidence, in order to rule his sole point on appeal it is necessary to note some evidentiary facts.

On June 17, 1974, Mrs. Wanda Reese, the manager of an apartment building at 4425 Jarboe, Kansas City, Missouri, responded to the door bell of her apartment and found two black men at her door. They inquired if she had any vacancies and were told that there were none. While she was writing down her telephone number so that they could call her later to see if any vacancies had occurred, they came into her apartment; one of them placed a gun to her ribs; and, they took $80.00 in cash from her purse and a jar in the apartment. The man with the gun, whom she identified as the defendant, then forced her, at gunpoint, to a second floor bedroom and told her to get on the bed and take her clothes off and then momentarily left the room. Afraid that she would be raped or murdered, she fled to a balcony outside the bedroom, called for help, and receiving no response, was attempting to climb down from the balcony when she fell some 25 or 30 feet to the ground below. As a result of this fall she sustained a broken collar bone and shoulder, fractures of all ribs on the right side (some of which punctured her lung) and a broken leg which had to be amputated. The robbers fled the apartment to where she lay, observed her lying on the ground, jumped into an automobile and drove off.

Mrs. Reese testified that the men were in her apartment for 15 or 20 minutes, neither were masked, the lighting was good, she clearly observed their features, and observed the defendant when he forced her upstairs from a distance of one foot.

On July 30, 1974, the defendant was arrested on suspicion and because there was an outstanding Kansas City, Missouri warrant for him "for not appearing in court".

At police headquarters the defendant was given the Miranda warning by Detective Clarence Luther and signed a waiver. Luther then interrogated him about the Reese robbery and others. As a result, the defendant signed a statement admitting his participation.

On July 30, 1974, the defendant was placed in a lineup with six or seven other men. At that time, he had not been charged with the Reese robbery and assault and was not represented by counsel at the lineup. Mrs. Reese was then in the hospital and was, of course, not present at the lineup, but the police did take photographs of the lineup. A complaint was filed in the Magistrate Court on July 31, 1974, the day

following the lineup, but the record is devoid of any further details concerning this complaint.

On August 2, 1974, Detective Luther showed the lineup photographs to Mrs. Reese and she identified the defendant and another man in the lineup as the men who had robbed her. The defendant was indicted by the grand jury on August 16, 1974 on the charges here involved and on August 20, 1974 was arraigned in the Circuit Court of Jackson County, Missouri and was then represented by appointed counsel.

Before this trial commenced on November 12, 1975, the defendant filed his motion to suppress both his written admission of guilt given to Detective Luther and the identification of him by Mrs. Reese, and a hearing was had thereon. Both requests were denied. No attention need be given to the evidence as to the admissions of guilt either at the suppression hearing or at trial for the reason that error is not urged on this appeal as to the court's rulings thereon.

As to the photographic identification by Mrs. Reese it should be noted that not one scintilla of evidence was adduced at the pre-trial hearing or at the trial that such identification was in any way tainted by coercion, suggestion or other improper activity by Detective Luther or anyone else but was voluntarily and freely made without any such taint.

Likewise, the in-court identification by Mrs. Reese of the defendant was positive and unequivocal and the circumstances, above related, disclosed that she had ample time and opportunity during the robbery to observe the defendant and there was a firm, independent factual basis, aside from the photographs, upon which her identification of the defendant rested.

The defendant's position appears to be that in view of the fact that at the time the lineup photographs were shown to Mrs. Reese, he had been charged by complaint in the Magistrate Court, he was entitled to be represented by counsel upon that occasion under the authority of *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). The *Wade* case did

hold that a *post-indictment* lineup was a "critical stage of the prosecution" at which the person charged was entitled to counsel, but is inapposite on the facts and not controlling authority here. The courts of this state have now firmly held that a lineup after a *complaint* has been filed and a warrant issued does not require the presence of counsel under the *Wade* rule but such rule is applicable only after an indictment is returned or an information filed. *Morris v. State of Missouri*, 532 S.W.2d 455, 456–457[1] (Mo. banc 1976) [overruling *Arnold v. State of Missouri*, 484 S.W.2d 248 (Mo.1972) and other earlier opinions].

Further, the case at bar does not, in fact, involve a lineup at all but merely a *pre*-indictment exhibition of lineup photographs to a witness for possible identification. The defendant attempts to equate this incident to lineup identification.

However, both the Supreme Court of the United States and the appellate courts of Missouri have held that the Sixth and Fourteenth Amendments of the United States Constitution do not mandate that the defendant's counsel be present when a witness is shown photographs of the defendant for identification purposes *even after the defendant has been indicted* for the offense. *United States v. Ash*, 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973); *State v. Lynch*, 528 S.W.2d 454, 461 (Mo.App.1975), and cases cited therein. To hold otherwise would place an intolerable and completely impractical burden upon law enforcement and prosecutorial authorities.

Neither does the fact that Mrs. Reese' initial identification of the defendant was made from a lineup photograph change the conclusion here reached. No constitutional distinction is justified by this fact from a situation where she might have been shown six or seven "mug" shots of persons.

There is no validity to defendant's position.

The judgment is affirmed.

All concur.