SOUTHEAST ARKANSAS FARMERS
ASSOCIATION *v.* Cliff WALTON

CA 79-261                    597 S.W. 2d 603

Opinion delivered January 23, 1980
Released for publication February 13, 1980

*Samuel N. Bird,* of *Williamson, Ball & Bird,* for appellant.

*Jerry E. Mazzanti,* of *Drew & Mazzanti,* for appellee.

DAVID NEWBERN, Judge. In this workers' compensation case, the appellant contends there was not substantial evidence for the commission's finding of the time of termination of a healing period and lack of substantial evidence to support a finding of permanent, partial disability of fifteen per cent to the body as a whole. We affirm the Commission's decision.

Mr. Walton sustained an indisputably compensable injury while working for the appellant in May, 1976. He fell to a concrete floor from an overturning tractor, and the seat of the tractor fell on top of him. Since the accident he has complained continuously of severe back pain.

The appellee was first examined by Dr. Burge shortly after the accident. In a report dated August 16, 1976, Dr. Burge stated he had diagnosed "possible soft tissue injuries (sprains and strains)" and that the accident was the only cause of the condition he diagnosed. He stated the injury would "result in no permanent defect." The report stated Mr. Walton was able to resume regular work June 14, 1976, but that he would require additional treatment for an undetermined period. The report also said the claimant had been referred to a neurologist, Dr. Frothingham.

In a report dated September 20, 1976, Dr. Frothingham said, "there is great sparcity of clincial evidence to support an organic basis for his complaints." This report was based on an examination conducted September 17, 1976. The commission used September 17, 1976, as the date for the termination of the healing period, presumably on the basis of this examination which found no organic cause of the appellee's complaints. Dr. Frothingham's report makes it fairly clear he considered the appellee to be a malingerer, although he did not rule out or address the possibility of traumatic neurosis.

A third physician, Dr. Flanigan, filed two separate reports after examining Mr. Walker. One report was dated November 3, 1976, and one was dated February 23, 1978. In

his initial report, Dr. Flanigan found some muscular asymmetry and movement restriction. In his second report, which was made a part of the record after the hearing, Dr. Flanigan concluded as follows:

> I suspect he is facing a permanent partial limitation in his functional capabilities as a consequence of a musculo-skeletal disorder. I would consider that reasonably set at ten percent.

The appellee's testimony was of very severe back pain and consequent employment and other personal problems. His testimony was supported by that of his estranged wife and a fellow employee at one of the jobs he has held since the accident. We regard the evidence in this case as sufficiently substantial to support the commission's finding of permanent, partial disability of fifteen per cent to the body as a whole. We also find there is substantial evidence the healing period ended September 16, 1976, rather than June 14, 1976, as Dr. Burge's report specifically said further treatment would be required, and the later examination by Dr. Frothingham found the claimant needed no further treatment.

We are somewhat persuaded by the appellant's argument that in view of the nature of Dr. Frothingham's conclusions the use of the date of his examination as the point of termination of the healing period is a little questionable. But for the testimony of the claimant's wife and fellow employee, we would also be hard pressed to agree there was substantial evidence of permanent disability in excess of the ten per cent assessed by Dr. Flanigan. However, doubtful workers' compensation cases are resolved in favor of the claimant. *Cummings* v. *United Motor Exchange,* 236 Ark. 735, 368 S.W. 2d 82 (1963), is a case which applied that well known "liberal interpretation" concept to the determination of the duration of a healing period. In addition, we will view the evidence in the light most favorable to the commission's findings. *Purdy* v. *Livingston,* 262. Ark. 54, 559 S.W. 2d 54 (1977); *Barksdale Lumber Co.* v. *McAnally,* 262 Ark. 379, 557 S.W. 2d 868 (1977).

Affirmed.

HAYS, J., dissents.