Roger L. RILEY *v.* MONARK BOAT COMPANY

CA 80-124                                    602 S.W. 2d 411
Court of Appeals of Arkansas
Opinion delivered June 25, 1980
Released for publication July 8, 1980

*Eugene Hunt*, for appellant.

*Bridges, Young, Matthews, Holmes, & Drake*, for appellees.

STEELE HAYS, Judge. Appellant's claim for workers' compensation benefits for surgical repair of an inguinal hernia was denied by the Workers' Compensation commission and is before us on appeal. Stated simply, the issue is whether the denial is supported by substantial evidence.

Appellant had been employed at Monark Boat Company for a month when, on August 3, 1978, he and several employees were attempting to turn over a boat for repair work. The weight of the boat was estimated at between seven hundred and one thousand pounds. Appellant described the occurrence:

"Well, when we was turning it over, like we had to put foam on the floor and tilt the boat up sideways. And

when we tilted the boat over sideways the boat was coming on over and it was leaning, so the boy that was on the boat helping me had to go to the other side to keep it from falling, and left me on the back holding the boat, so we had to let it ease on down. And that's when I hurt myself, when I raised up I felt the pain.

Appellant immediately told the other employees and his supervisor Mr. Benny King, that he had hurt himself. King advised appellant to continue working, which he did. Appellant examined himself in a restroom and observed a small knot on the right side of his lower stomach which he was able to depress with his finger. He felt considerable pain and found it very hard to walk. Appellant reported again to Mr. King and left around noon to see the company physician, Dr. A. K. Busby. Dr. Busby examined appellant and advised him to return to work. Appellant returned at about 3:30 p.m. which was his normal quitting time and punched out to go home. Appellant worked on August 4, a Friday, and on the following Monday and Tuesday. On Wednesday, August 9, appellant left work after some three and one-half hours, because of the pain and consulted Dr. Harold F. Wilson. Dr. Wilson advised appellant to leave work that same day and to come to the hospital on Sunday, August 13, for surgery to repair the hernia.

The testimony of appellant is corroborated rather fully by another employee, David Rawls, who stated that after turning over the boat appellant remarked that he had hurt himself in his lower stomach on the right side and that he, Rawls, told appellant he might have pulled a muscle or gotten a hernia; that this occurred within a few minutes after they had turned the boat. Rawls testified that appellant informed Benny King, and some time later left work to go to the doctor. His recollection was that appellant returned on the same afternoon saying that Dr. Busby had told him to return to work. The witness also recalled that appellant worked on the following day and the early part of the ensuing week and his testimony generally gives the impression of credibility. It was stipulated that three other employees, Wilson, Chancellor, and Doss, would testify to the same facts as David Rawls.

The remaining evidence of appellant is in the form of a bill from Dr. Busby for $15.00 for an office visit by appellant on August 3 for "hernia — very minimal." The bill contains a blank space after the word "insurance" in which is written: "comp — Monark". Also on the statement, apparently in the same handwriting, are words which have been scratched out, but which are partially legible. The words "Monark" and "turned in on comp" are clearly recognizable.

In addition to the hospital discharge summary of Dr. Wilson, the record reflects Dr. Wilson's signed report to Monark's insurance carrier on a standard form which states that appellant sustained a hernia while working, straining his right side "lifting bolts". (It appears to be undisputed that this reference was to boats rather than bolts.) Dr. Wilson's report was accompanied by a bill for services addressed to Monark Boat Company. In short, the report and statement lead to no other inference but that Dr. Wilson regarded the injury as compensable.

It is common knowledge that hernias often occur in just such acts as appellant was engaged in; however, to protect employers from uncertainty as to causation, § 81-1313(e) of the Workers' Compensation Act (Ark. Stat. Ann.) sets out five essential elements which must be present in order for a hernia to be compensable:

(1) That the occurrence of the hernia immediately followed as the result of sudden effort, severe strain, or the application of force directly to the abdominal wall;

(2) That there was severe pain in the hernia region;

(3) That such pain caused the employee to cease work immediately;

(4) That notice of the occurrence was given to the employer within [forty]-eight (48) hours thereafter;

(5) That the physical distress following the occurrence of the hernia was such as to require the attendance of a

licensed physician within seventy-two (72) hours after such occurrence;

We note that in appellant's case each step was met promptly and fully, and in such fashion as to satisfy even the most skeptical. This is not to imply that because these elements are met a hernia is presumed to be compensable, as the intention of the statute is that before a hernia may be considered as compensable the foregoing elements must be present. But where, as in the case before us, there is credible testimony from the claimant and four fellow employees that claimant experienced severe strain, with immediate severe pain in the hernia region, that he ceased work immediately and reported the occurrence to his employer and, although instructed to return to work, he recognized within an extremely brief period the need to see a physician, the combined effect of these elements and the promptness with which they occurred has significant probative force. Hence, we are persuaded, even convinced, that the appellant's injury is supported by substantial, credible evidence. But that is not the test, the test is whether there was substantial evidence to support the decision which was reached. *Independent Stave Company, Inc.* v. *Fulton*, 251 Ark. 1089, *Wilson Lumber Company* v. *Hughes*, 245 Ark. 168.

The evidence on which the denial of benefits is to be judged consists of two parts: (a) a letter from Dr. Busby dated January 11, 1979, and (b) two work records of the appellant. Of the latter, one record is entitled "Employee Attendance Record", which purports to show that appellant was not absent in August *before* August 10, the day he left work to consult Dr. Wilson, thus refuting any absence on August 3; the other is a time card showing times "in" and "out" for the five work days of the week beginning July 31. The time card purportedly shows that the appellant as having worked nine hours on August 3. It is not entirely clear what appellee intends to show by the introduction of these records, though presumably it is to cast doubt on whether appellant saw a doctor at all on August 3 or even if he did, he still managed to work a total of nine hours. We readily reject either contention in the face of the very strong evidence to the contrary. The appellant's testimony is that he was absent for

approximately three hours from around 12:00 noon until 3:30 in the afternoon and this fact is abundantly corroborated by the testimony of four fellow workers. True, the time card shows the appellant as having worked a nine hour day on August 3, but the same document clearly shows that something out of the ordinary occurred on August 3. The other four days of the week show the time "in" and time "out" to have been entered by the punch machine itself, whereas on August 3 two sets of initials appear and one of the "out" entries, 12:00 noon, is in handwriting rather than by machine and the lower part of entry bears the inscription "O.K." and the initials "BKR", which we take to be those of Benny King. If more were necessary, it is clear from the statement of Dr. Busby and his letter of January 11 that he did in fact examine the appellant on August 3 in his office and take a medical history and we believe the evidence points, unerringly, to the fact that appellant did leave work for an extended period of time on the date in question. Moreover, it is clear that the administrative law judge had no greater misgivings on this point than we do, as his findings include:

> There can be no question from the record that claimant received some type of injury on August 3, 1978."

Thus we are left with the letter on January 11 by Dr. Busby as the only evidence on the issue of substantiality. There is nothing else on which to rest the denial, and that being so we quote the contents of the January 11 letter verbatim:

> "Roger Riley was seen in my office on August 3, 1978. His chief complaint was "pain in leg". The patient stated that it had been there about 1 week and that it would hurt every once and awhile then would quit. Patient stated that he first noticed the knot one week before being seen. That patient stated that he had been working for Mon-Ark for about one month. He has been seen by Dr.'s Price and Hicks of Monticello.
>
> Physical Examination showed the patient to have a very small hernia in the right inguinal canal. I recommended that he have surgical repair of the hernia. It was felt at

the time that this hernia was a pre-existing hernia, but that it should be repaired.

The substantiality of this report must be assessed in the light of other evidence, and especially, that emanating from Dr. Busby himself, i.e., the August 3 statement. We are convinced the report fails to meet the fair standards of substantiality for reasons we will endeavor to define. We do not believe that appellant's "chief complaint" could have been "pain in leg," as there is no mention of such a complaint in the August 3 statement. If the hernia was the lesser of appellant's complaints at the time of his examination by Dr. Busby we think certainly that fact would have been noted on the statement. The *only* complaint mentioned in the August 3 statement is "hernia − minimal." Moreover, it is implausible that Dr. Busby recommended, as he says, surgical repair of the hernia to the appellant. His report twice states that he recommended surgery, but this simply will not repose with the testimony of appellant that he was told by Dr. Busby to return to work. In view of appellant having actually followed such advice and remaining at work for several days until the pain was "hurting real bad", we believe appellant's actions give credence to his testimony that he was told to return to work. Next, if the hernia which Dr. Busby noted on August 3 was "pre-existing" he would surely have said so at the time, as he did on January 11. And, additionally, the obvious references to compensation insurance suggest that Dr. Busby regarded the hernia as covered. Finally, the objectivity of the report itself is undermined by the fact that appellant's counsel had to write three letters to Dr. Busby, first on October 4, 1978, and again on October 18, 1978, and lastly on November 6, 1978, the last of which suggesting a subpoena for the information if not voluntarily supplied. Even so it was not until more than two months later and three and one-half months in all before the requested report was provided. This we believe the greater credence may be placed in the contents of the August 3 statement, brief though it is.

But even if we give Dr. Busby's report all of the credence possible, the most that can be said is that it supports a finding that the hernia *pre-existed* the date of August 3. However, the administrative law judge, as we have said, concluded that

there was *no question from the record* that claimant received an injury of some sort on August 3, which finding the commission did not take exception to. If the administrative law judge was correct (and we are confident he was) that an injury was sustained by the appellant on August 3, then the only injury possible is the hernia and Dr. Busby's January 11 comments, when weighed against the other evidence and his own statement of August 3, simply cannot be regarded by reasonable minds as substantial evidence that the hernia itself was not sustained on that date. Thus we are convinced that fair minded men could not have reached the conclusion which the Commission reached in this case and when that test is applied we are justified in a reversal. *Prudy* v. *Livingston*, 262 Ark. 575. We are not required to accept medical opinion categorically where there is strong and compelling evidence to the contrary. In a situation bearing some similarities to the case at bar, the Supreme Court rejected the opinion testimony of two physicians that the claimant was able to return to work on a certain day and reversed the Commission on the basis of a lack of substantial evidence. *McBryde* v. *Arkla Industries*, 235 Ark. 675.

We think it would be plainly inconsistent with the spirit and the tenor of the Workers' Compensation Act, so oft repeated, that doubtful cases are to be resolved on behalf of the claimant and liberally construed to that end. *Reynolds Metal Company* v. *Robins*, 231 Ark. 165; *Boyd Excelsior Company* v. *McKown*, 226 Ark. 174.

This case is reversed and remanded with instructions to proceed in accordance with this opinion.

PENIX, J., dissents.

MARIAN F. PENIX, Judge, dissenting. The Administrative Law Judge and the three members of the Workers' Compensation Commission determined the claim should be denied. The full Commission found the denial to be supported by a preponderance of the evidence. Our Court must view the evidence most favorably to the findings of the Commission. We must affirm the Commission unless there was no substantial evidence to support its findings.

Dr. Busby's opinion is the only medical in the record. The claimant had the opportunity to depose Dr. Busby, but chose not to. Dr. Busby's opinion that the hernia pre-existed the August 3 injury is unrefuted.

Viewing the entire record it is conceivable the members of this court may have found substantial evidence to allow the claim. However, that is irrelevant. The case law in Arkansas requires us to affirm the Commission when its determination is based on substantial evidence. *Clark* v. *Peabody Testing Service*, 265 Ark. 489, 579 S.W. 2d 360 (1979).

The claimant worked nine hours on August 3, 1978, eight hours on August 4, 1978, was off for the weekend of August 5 and 6, worked eight hours on both August 7 and August 8. The claimant reported to Dr. Busby during the noon hour on August 3 that he had suffered a sporadic pain in his leg for about one week. Dr. Busby opined the hernia was pre-existing. This is substantial evidence. The decision should be affirmed.

I therefore respectfully dissent.