PEERLESS COAL COMPANY *v.* JONES.

4-9530                    240 S. W. 2d 647

Opinion delivered June 25, 1951.

Rehearing denied July 9, 1951.

*Harper, Harper & Young,* for appellant.

*Yates & Yates,* for appellee.

ROBINSON, J. The Workmen's Compensation Commission made an award to appellee for a disability due to silicosis. On appeal to the Circuit Court the action of the Commission was affirmed. It is the contention of appellant that there is no evidence in the record which would justify a finding that appellee was exposed to a silica hazard while working in appellant's mine, and for this reason the case is controlled by *Collier-Dunlap Coal Company* v. *Dickerson*, 218 Ark. 885, 239 S. W. 2d 9.

In our opinion the evidence in the case at bar is much more favorable to the employee than it was in the Dickerson case. At the time he became disabled, Dickerson had only worked in appellant's mine for a period of 25 months. Moreover, there was no evidence that the conditions in the mine where Dickerson worked constituted a silica hazard. It was pointed out in the Dickerson case that § 81-1314, Ark. Stat., provides that in the absence of conclusive evidence in favor of the claim, disability due to silicosis was presumed not to be due to the nature of any occupation unless 5 out of the 10 years immediately preceding the disability the employee had been exposed to the inhalation of silica dust.

In the Dickerson case the evidence was not conclusive in favor of the claim as no showing was made that there was any silica dust in the employer's mine where the employee had worked for only 25 months, and there was no showing that the employee had been exposed to the inhalation of silica dust for 5 out of the preceding 10 years. Here, however, the employee Jones worked in the same mine from 1941 to 1949, at which time he became disabled, a period of 8 years.

In addition to the evidence in the case at bar as to the period of time the employee had worked in appellant's mine, and that the mine contained rock dust, there is the direct evidence that Jones, the employee, acquired silicosis while working in a silica hazardous industry. Upon the presentation of his claim for disability by the employee, the appellant had the employee examined by a doctor of appellant's choice, Dr. Jesse E. Douglas, who,

by way of a statement introduced in evidence by agreement, testified:

"This man has a moderate amount of silicosia which was acquired through his occupation in a silica hazardous industry. I would estimate his disability to be 50%, which is permanent."

The evidence of Dr. Douglas on the point of appellee having acquired silicosis in a "silica hazardous industry" is positive and it stands uncontradicted. Dr. Douglas in effect says that Jones acquired silicosia while working in appellant's mine as Jones had worked there for 8 years before becoming disabled.

When all the evidence as a whole is considered, it is substantially to the effect that during the 8 years Jones worked in appellant's mine he acquired silicosis. And, there is no evidence to the contrary.

We have many times held that the Workmen's Compensation Law should be broadly and liberally construed, and that doubtful cases should be resolved in favor of the claimant. *Scobey, Admr.*, v. *Southern Lumber Company*, 218 Ark. 671, 238 S. W. 2d 640; *Triebsch* v. *Athletic Mining & Smelting Co.*, 218 Ark. 379, 237 S. W. 2d 26; *Hunter* v. *Summerville*, 205 Ark. 463, 169 S. W. 2d 579; *Elm Springs Canning Co.* v. *Sullins*, 207 Ark. 257, 180 S. W. 2d 113; *Batesville White Lime Co.* v. *Bell*, 212 Ark. 23, 205 S. W. 2d 31.

Affirmed.

George Rose Smith, J., dissenting. I do not think that this case can be distinguished from the *Dickerson* case, cited by the majority. It is true that Dr. Douglas testified that the claimant had acquired silicosis through his occupation in a silica hazardous industry, but that statement does not show the existence of silica in the appellant's mine. Jones had worked as a coal miner for about thirty years, the last eight in appellant's mine. On the evidence in this record it is purely a matter of conjecture whether Jones contracted silicosis while working for the appellant or while working for some earlier em-

ployer. I think we should remand the cause for further proof, as we did in the *Dickerson* case.

HOLT, J., joins in this dissent.