HOLLAND *v.* MALVERN SAND & GRAVEL CO.

5-3159                                                    374 S. W. 2d 822

Opinion delivered February 3, 1964.

*Mathis & Arnold, Huie & Huie,* by *Jerry Thomasson,* for appellant.

*Smith, Williams, Friday & Bowen,* by *William H. Sutton,* for appellee.

JIM JOHNSON, Associate Justice. This is a workmen's compensation case. Appellant Vernon Holland has sought medical and compensation benefits for a lung disease which he contended was either caused or aggravated by breathing rock dust during the time that he worked for appellee Malvern Sand & Gravel Company.

Appellant worked for Malvern Sand & Gravel Company on two separate occasions. His first employment covered a period of nine months from April 21, 1957 through December 20, 1957. He was unemployed for six months and then returned to work for appellee on May 30, 1958 and worked until July 7, 1959, a period of thirteen months. After July 7, 1959, appellant worked for other employers for a period of eighteen months until he became disabled in December of 1960.

Two hearings were held before referees, at the conclusion of which appellant's claim was denied on the grounds that the evidence failed to show a causal connection between the claimant's lung disease and his employment with appellee, as to the origination of appellant's condition or as to aggravation of an existing condition. It was also found that appellant's claim was barred because of the statute of limitations and late notice to the employer. No new evidence was presented when the case was appealed to the full commission and the full commission sustained the findings and conclusions of the referee. The circuit court affirmed the commission's holding, whereupon an appeal was taken to this court.

Appellant contends that there is no substantial evidence to support the findings of the commission.

The general principles applicable to the workmen's compensation law, its remedial nature requiring liberal construction, the function of the commission and the scope of review by this court have been repeatedly announced by the numerous decisions of this court in this field. And, the effective administration of this law to accomplish the intended purposes depends to a large extent upon a consistent adherence to these principles. The most important rule, carrying out the humane purpose of the act, is that the commission must follow a liberal approach and in a situation where one inference would support an award and another would defeat it, the inference supporting the award must be adopted. See *Stout Construction Company* v. *Wells,* 214 Ark. 741, 217 S. W. 2d 841. There are other established rules which have been

held to be necessary for the proper administration of the act, including the rule that a claimant has the burden of proving a causal connection between his condition and his employment, and the rule that this court must give the testimony its strongest probative force in favor of the action of the full commission. *Auto Salvage Co.* v. *Rogers,* 232 Ark. 1013, 342 S. W. 2d 85. To recover a claimant must either prove that his employment aggravated a pre-existing condition.

There is no question about the seriousness of this claimant's physical ailment.

The proof showed that during appellant's first nine month period of employment with appellee, his duties required him to work near a large conveyor belt system which fed into a rock crusher. Conditions were such that the fine rock dust would frequently cover his body and clothing. Dust conditions varied with wind direction and the type rock that was being crushed. Wet rock taken from the river, as compared to dry rock, creates little dust and it was estimated that half of the rock being crushed during appellant's employment was wet.

During the second period of appellant's employment his basic duties were changed. He was assigned to a different foreman and his primary responsibility called for him to work as a clean-up man around the railroad yard. Although he was required on occasions to work on the conveyor where the rock dust was heavy, the great majority of his working time was spent in other areas.

When appellant became disabled in December of 1960, Dr. Clyde Tracy felt that a diagnosis of silicosis was the most consistent with the claimant's symptoms. However, appellant admits that as a matter of law, he has no claim for an occupational disease grounded on silicosis, due to his limited exposure. See Ark. Stat. Ann. § 81-1314 (b) (2) (Repl. 1960).

Dr. Grimsley Graham stated that, in his opinion, appellant suffered from an advanced pulmonary disease which was more consistent with Boeck's Sarcoid. While

Dr. Tracy agreed that appellant's symptoms were compatible with a diagnosis of sarcoidosis, neither doctor was able to say with any degree of certainty exactly what was wrong with the claimant except that he suffered from some kind of lung disease.

Dr. Tracy testfied that if appellant had sarcoidosis, it would not be possible to determine what caused the disease or when its onset began. It might develop over a period of years before manifesting itself but might develop in a matter of a few weeks. He stated that there was no doubt that appellant had a lung disease now and that breathing rock dust would aggravate an existing lung condition. However, this testimony was offered in answer to an abstract question directed to Dr. Tracy. When, on cross-examination, he was asked the direct question as to whether appellant had a lung disease at the time he was employed by appellee he stated, "I do not know." Appellant, testifying in his own behalf, stated that he had experienced a shortness of breath before leaving his job with appellee. Neither doctor related this symptom to appellant's present disability. Although two competent physicians apparently contributed all of the knowledge available to them through medical science, the questions as to what disease the claimant had, what caused it, when it began, and whether it existed during or was aggravated by his employment with appellee remain unanswered in the evidence. This being true, it necessarily follows that, based upon the firmly established principles applicable to the workmen's compensation law, and based upon our thorough review of all of the evidence in this record, we have no choice but to conclude that the commission's findings are supported by the record and must be sustained.

Having reached the above conclusion, we find it unnecessary to consider whether appellant's claim was barred by the statute of limitations.

Affirmed.

ROBINSON, J., dissents.