BURROW CONSTRUCTION CO. *v.* LANGLEY.

5-3431                                              386 S. W. 2d 484

Opinion delivered January 25, 1965.

[Rehearing denied March 1, 1965.]

*S. Hubert Mayes* and *S. Hubert Mayes, Jr.,* for appellant.

*Thomas D. Wynne, Jr.* and *Frank W. Wynne,* for appellee.

OSRO COBB, Special Associate Justice. On February 29, 1960, appellee, who was then employed by appellant, W. C. Burrow Construction Company, a company covered by workmen's compensation insurance, while working in line of duty, attempted to lift an object weighing an estimated 500 pounds, sustaining substantial and disabling injuries to his back. The major portion of his immediate injuries appeared to be in the lower lumbar region, but from and after the inception of the accident appellee complained to examining physicians of pain higher up in his back and severe pain between his shoulders. The Commission allowed 28 weeks of temporary total disability, and also directed payment to appellee of 15% permanent partial disability to his body as a whole. Unhappily, appellee's disabilities thereafter greatly in-

creased, and the Commission entertained appellee's seasonable application for an additional disability award therefor after refusal by the referee. A formal hearing was conducted by the Commission. It found that appellee had in fact suffered greatly increased disabilities, but that the increase was unrelated to his injury in February, 1960, and denied appellee's supplemental claim. The dispositive finding of fact of the Commission is short and is quoted in full as follows:

"The claimant's present disability is not the result of the accident of February, 1960, and that his disability is arising from an unknown cause at a higher level than the site of the original injury."

From an adverse decision by the Commission the appellee appealed to the circuit court which reversed the Commission and in so doing found the appellee to be 75% disabled as to the body as a whole. From the said circuit court judgment the appellants bring this appeal.

The record of the hearing before the Commission affirmatively shows that appellee sustained no known injury or any other incident after February, 1960, which contributed in any way to his increasing disabilities. The question before this court, therefore, is whether the action of the Commission, in denying compensation for appellee's increased disabilities, is supported in the record before us by substantial evidence.

It has always been the clear duty of the Commission, in adjudicating claims for compensation benefits, to give the benefit of the doubt in factual situations to the injured workman. See *McGehee Hatchery Co.* v. *Gunter,* 237 Ark. 448, 373 S. W. 2d 401; *Parrish Esso Service Center* v. *Adams,* 237 Ark. 560, 374 S. W. 2d 468. While the Commission adjudicates claims in the light most favorable to the claimant, here on appeal we review the findings of the Commission in the light most favorable to the action taken by the Commission, and refrain from disturbing findings of the Commission which are supported in the record by substantial evidence. See *McCollum* v. *Rogers,* 238 Ark. 499, 382 S. W. 2d 892; *Holland* v.

*Malvern Sand & Gravel Co.*, 237 Ark. 635, 374 S. W. 2d 822. We have examined the entire record in this case and we find no substantial evidence to support the finding of fact, supra, of the Commission. On the contrary, we find, from the record in this case, that said finding of fact is speculative and conjectural.

The Commission noted that the increased disabilities of appellee were from an area higher up in the spine, near the thoracic 12 lumbar 1 level. This area is only slightly below the shoulder blades. Furthermore, this is the general area of appellee's complaints from and after the inception of his injuries in February, 1960.

Dr. Joe F. Shuffield's report to the Commission of July 2, 1960, includes the following history of appellee:

" * * * He has pain in his lower back most all of the time, and the pain extends up his back and downward when he tries to do anything."

Dr. John H. Adametz' report to the Commission of August 9, 1960, includes the following comment:

"He (appellee) stated that when he moved or jerked he had pain that seemed to radiate between his shoulders."

Dr. Robert Watson, one of the medical examiners for the Commission, conceded during his testimony that the increased disabilities manifested by appellee could have been accounted for by the lifting of an object weighing approximately 500 pounds, which is the exact original history of the accident in this case. Dr. Watson further testified as to the extent of appellee's disability:

"A. He has a whole lot.

Q. How much?

A. As far as being able to enter into just out and out unlimited competitive labor, I think he's totally disabled for that."

Dr. F. Walter Carruthers, who appeared before the Commission as a witness for appellee, connected all of

claimant's disabilities to the original injury in 1960, stressing the progressive degeneration of a vital spinal nerve with attendant numbness in the leg, foot drop, and clawing of the foot—toes turning under with callouses forming as a result of the deformity—and concluding:

"He will have to be trained for some other occupation. I don't think he will ever be able to do any heavy manual labor."

We conclude and find from the record in this case that all of the disabilities suffered by appellee have resulted from the single injury to him in February, 1960. Indeed, there is no known or established circumstance appearing in the record in this case to which appellee's increased disabilities can be logically related, except to his original injury in 1960.

We agree with the circuit court that appellee is entitled to compensation upon his present claim. However, we agree with appellants that the court exceeded its authority in determining the amount of the award. Ark. Stat. Ann. §81-1325 (b) (Repl. 1960). The judgment is, therefore, reversed with directions to remand the cause to the Commission for the determination of a proper award.

Reversed and remanded.

McFADDIN, J., not participating.