FURR *v.* HARDING GLASS CO.

5-3728                                      398 S. W. 2d 215

Opinion delivered January 24, 1966

*Harold C. Rains, Jr.,* for appellant.

*Shaw, Jones & Shaw,* for appellee.

Ed. F. McFaddin, Justice. This is a workmen's compensation case. On June 22, 1964 appellant Furr filed the present claim with the Commission against appellee, Harding Glass Company. The Referee and the Full Commission disallowed the claim as barred by Limitations; the Circuit Court affirmed the Commission; and appellant Furr prosecutes the present appeal. The sole question is that of limitations.

On October 8, 1956 appellant sustained an injury while working for the appellee, when a brick wall fell on the lower part of his leg. He was promptly examined by Dr. Glenn of the Holt-Kroch Clinic in Fort Smith. The report of October 8, 1956 shows "contusion and moderate swelling left leg immediately above ankle, medial aspect." On October 22, 1956 appellant returned to work for appellee and received $21.43 as compensation for his said injury and resulting loss of time. Appellant continued to work for appellee for some time. Just when he changed employers is not clear from the record. At all events, it was not until June 22, 1964 that the present claim was filed, which was seven years and eight months after the appellant had returned to work. The Opinion of the Workmen's Compensation Commission gives a clear and succinct statement of the case, and we copy it in *toto*:

> "In an Opinion filed October 26, 1964, by a Referee he found that the claim of Ed G. Furr is barred by the Statute of Limitations as provided by Section 18 (b) of the Arkansas Workmen's Compensation Act.

> "By reason of claimant's timely appeal this case is now before the Full Commission for review.

> "Upon review no additional evidence was presented but counsel submitted briefs.

> "The only issue now before the Commission for decision is whether or not claimant's claim for an accidental injury that occurred on October 8, 1956, is barred by the Statute of Limitations.

"The evidence establishes that on October 8, 1956, claimant went to Dr. Clarence L. Glenn and gave Dr. Glenn a history that a brick wall fell on his *left* lower leg at about 1:00 P.M. that same day. Dr. Glenn's objective findings were 'Contusion and moderate swelling left leg immediately above ankle, medial aspect.' X-rays were made that same day and there was no fracture. Dr. Glenn indicated that claimant would be able to resume regular work in four to six days. The treatment given was tetanus antitoxin, ice packs, elevation, and heat after 24 hours. Claimant returned to work for the respondent employer on October 22, 1956, and he was paid compensation in the amount of $21.43 for six days of temporary total disability. Claimant continued to work and there is no evidence that claimant consulted doctors until 1964 when claimant went to Dr. Jim Thompson who referred claimant to Dr. Alfred B. Hathcock who first saw claimant on May 16, 1964. On June 16, 1964, Dr. Hathcock and Dr. W. E. Knight operated on claimant's right leg below the knee. On June 22, 1964, claimant filed a claim with the Commission alleging that as a result of his October 1956 injury he recently had an operation from which he was still recuperating. At the first hearing of this claim objection was made by respondents to claimant's failure to timely file a claim.

"Based upon all of the evidence of record and in affirming the Referee's Opinion, the Full Commission makes the following

## "FINDINGS OF FACT

"1. That on October 8, 1956, claimant sustained a compensable accidental injury which resulted in six days of compensable loss of time and for which claimant was paid compensation in the amount of $21.43, the last compensation being paid on October 31, 1956;

"2. That on June 22, 1964, claimant filed a claim for additional benefits allegedly due as a result of his October 8, 1956, accidental injury;

"3. That at the first hearing of this claim respondents made proper objection to claimant's failure to timely file a claim;

"4. That claimant's claim for additional compensation as the result of an accidental injury on October 8, 1956, was not timely filed and is, therefore, barred by the Statute of Limitations.

## "CONCLUSIONS

"The only issue presented for decision and the only decision being made herein is whether or not claimant's claim for additional benefits is barred by the Statute of Limitations.

"The applicable section of the Arkansas Workmen's Compensation Law is Section 18 (b) which is Section 81-1318 (b) Ark. Stats., which provides:

" 'In cases where compensation for Disability has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the Commission within one year from the date of the last payment of compensation, or two years from the date of the accident, whichever is greater.' "This Section of the Act became effective December 3, 1943. Prior to that date the Act provided that a claim had to be filed within one year from the time of the *injury* or within one year after the date of the last payment of compensation. In view of the fact that since December 1943 the Act has required that claim be filed within two years from the date of the *accident* or one year from the date of the last payment of compensation, it is not believed that the case[1] cited by the claimant in his brief has any ap-

---

[1] That case is *Burrow Const. Co.* v. *Langley,* 238 Ark. 992, 386 S. W. 2d 484.

plication to the case at hand. The evidence in instant case clearly establishes that claimant did not file a claim until about 7½ years after the accident (October 8, 1956) and about 7½ years after payment of the last payment of compensation (October 31, 1956). As stated in the case of *Sanderson & Porter* v. *Crow*,[2] our Compensation Law is to be liberally construed but the plain wording of the law cannot be evaded. Claimant's claim was not timely filed and it is, therefore, barred by the Statute of Limitations and is herewith dismissed.''

There is little that needs to be added to the Commission's Opinion. The cases on latent injuries cannot apply to the situation here because of the wording of Ark. Stat. Ann. § 81-1318 (b) [Repl. 1960], which reads:

''In cases where compensation for *disability* has been paid on account of *injury,* a claim for additional compensation shall be barred unless filed with the Commission within one year from the date of last payment of compensation, or *two years from the date of the accident,* whichever is greater.'' (Italics our own.)

Here, compensation was paid in 1956 for a ''disability'' on account of the 1956 ''injury.'' Appellant was found completely recovered and returned to full duty. His last payment was October 1956: the one year expired October 1957. The date of the ''accident'' was October 1956: the two years expired October 1958. Our statute limits the two year period ''from the date of the accident,'' and not from the date the injury was discovered.

The Circuit Court was correct in affirming the Commission.

Cobb, J., not participating.

---

[2]214 Ark. 416, 216 S. W. 2d 796.