PLASTICS RESEARCH AND DEVELOPMENT CO. ET AL
*v.* RUBY NELL GOODPASTER

5-5838                                    476 S.W. 2d 242

Opinion delivered February 21, 1972

*Dobbs, Pryor & Hubbard,* for appellants.

*Wiggins & Christian,* for appellee.

LYLE BROWN, Justice. In this workmen's compensation case claimant-appellee, Ruby Nell Goodpaster, was awarded eight months temporary total disability. The appeal of the employer, Plastics Research and Development Company, and the carrier, Houston General Insurance Company, is based on the single assertion that there was no substantial evidence to support the award.

According to claimant's evidence she was, in February 1968, working on the "topcoat line" for Plastics Research. It was her job to take fishing lures from a box on the floor and clip each one on a revolving chain. The chain carried the lures into a paint container where the last coat of paint was applied. The attaching of the lures necessitated reaching forward and slightly above shoulder level. It was in February 1968 that she said she began to experience pain in her left shoulder blade each time she extended her arms to attach a lure. She obtained some medical treatment "off and on" for several months but continued with her job. She asserted that the pain struck her right shoulder in February 1969 and continued intermittently until the job played out in November of that year. During that time she was under the treatment of Dr. Hoge. On December 19, 1969, claimant was hospitalized, so the doctor testified, with a thoracic outlet syndrome. The top rib on her right side was removed. Dr. Hoge testified that the hanging of the lures on the line caused an aggravation of the pre-

existing condition and that the aggravation, which he said originated in February 1969, created the need for the surgery. The commission awarded temporary total disability from the time claimant entered the hospital and to continue for six months following the operation on February 19, 1970.

The claim was thoroughly contested and in fact there was medical testimony that the problem was not job related. However, the evidence we have abstracted was substantial and the commission elected to follow the testimony of Dr. Hoge. The burden of appellants is heavy—they must convince the court "that fair-minded men could not reach the conclusion arrived at by the commission." *Hall* v. *Pittman Construction Co.,* 235 Ark. 104, 357 S. W. 2d 263 (1962). On appeal we are concerned, not with the weight of the evidence or credibility of witnesses, but with whether there is any substantial evidence to support the commission. *Reynolds Metal Co.* v. *Robbins,* 231 Ark. 158, 328 S. W. 2d 489 (1959). We have also long been committed to the rule that doubtful cases are resolved in favor of the claimant. *Boyd Excelsior Fuel Co.* v. *McKown,* 226 Ark. 174, 288 S. W. 2d 614 (1956).

Affirmed.