STATE of Missouri ex rel. Isadore ZIGLER, Administrator of the Estate of Roberta Zigler, deceased, Relator,

v.

The Honorable George ADOLF, Judge of the Circuit Court of the City of St. Louis, Respondent.

No. 38678.

Missouri Court of Appeals, St. Louis District, Division Two.

Jan. 17, 1978.

Stan J. Goodkin, Rosecan, Popkin & Chervitz, St. Louis, for relator.

Sam T. Vandover, St. Louis, for respondent.

STEWART, Judge.

We issued an alternative Writ of Mandamus on the petition of Isadore Zigler, Ad-

ministrator of the Estate of Roberta Zigler, deceased. Relator is plaintiff in a wrongful death action in which Russell Superfine is defendant. By our alternative writ, the trial court was ordered to vacate its order striking paragraph 9 of Count I of plaintiff's petition. Having exercised our discretion and issued the alternative writ, we retain jurisdiction under authority of *State ex rel. Broglin v. Nangle*, 510 S.W.2d 699 (Mo.1974), and our writ is made peremptory.

The petition in the trial court, seeking damages from defendant for the wrongful death of Roberta Zigler, was initially filed in the names of Isadore Zigler and Irene Zigler as the parents of Roberta. By leave, relator was substituted as plaintiff.

The cause is before us on the First Amended Petition which is in two counts. Count I of the petition alleges specific negligence, Count II is based on the theory of res ipsa loquitur. In all other respects the counts are identical. The action is brought by the father of Roberta Zigler as Administrator of the Estate of Roberta Zigler. The petition alleged that Roberta was 25 years of age at the time of her death; that she left no spouse, minor child or children; that Isadore and Irene Zigler are the surviving parents of the deceased; that they had suffered pecuniary loss as a result of the death of their daughter; and that they were the only persons entitled to receive any amounts recovered by plaintiff pursuant to § 537.080(3).

Other allegations of Count I of the petition which are necessary to our determination are contained in paragraphs 7 and 9. Paragraph 7 reads:

"7. At the time of her death, deceased was industrious, in good health, and was the only daughter born to Irene and Isadore Zigler, her surviving parents herein. During deceased's lifetime, she was employed as a medical records clerk earning approximately $8,000 per year, and was capable of earning and continuing to earn more during her lifetime; in addition, deceased devoted much of her time to caring for and rendering many services to her aforesaid surviving parents."

Paragraph 9, which was ordered stricken by the trial court, reads:

"9. By reason of deceased's death, as a direct result of the wrongful and negligent acts and omissions of Defendant and the aggravating circumstances attending said death, her aforesaid surviving parents have lost the valuable services of their daughter, have expended monies for deceased's funeral bill and have thereby been damaged in the amount of $75,000."

Respondent seeks to justify striking paragraph 9 on the basis that the parents of a minor child may recover only for loss of services for the minority of the deceased child. From that premise, respondent argues that "the Legislature saw fit to preclude the parents of an adult, unmarried daughter or son from claiming damages occasioned by the death of said son or daughter and lodging the cause of action in the administrator of the decedent, then the parents of this Decedent, Isadore and Irene Zigler, are precluded from claiming as an element of damages 'valuable services' alleged to have been provided them by said Decedent. Certainly such is true in view of the fact that said parents are not the real parties in interest." He cites *Collins v. Stroh*, 426 S.W.2d 681, 686 (Mo.App.1968).

The case cited by respondent is no longer the law of this state. In *Mitchell v. Buchheit*, 559 S.W.2d 528 (Mo. filed December 19, 1977), the Supreme Court said, "Parents, seeking to recover for the death of a minor child, should not be prohibited from trying to establish a reasonable probability of pecuniary benefit from the continued life of said child beyond the age of minority. We so hold, . . ."

Relator relies upon § 537.080(3) which reads:

"(3) If there be no husband, wife, minor child or minor children, natural born or adopted as herein indicated, or if the deceased be an unmarried minor and there be no father or mother, then in such case suit may be instituted and recovery had by the administrator or executor of the deceased and the amount re-

covered shall be distributed according to the laws of descent. As amended Laws 1955, p. 778, § 1 (§ 537.070); Laws 1967, p. 663, § 1."

The Supreme Court in *Rogers v. Fiandaca*, 491 S.W.2d 560 (Mo.1973), specifically ruled the very issue before us in this case. It held that parents could recover for the wrongful death of an unmarried adult child who left no surviving minor children. The court also ruled that the action could be brought by the executor or administrator of the estate of the deceased. See also *Mitchell v. Buchheit, supra*. In such a case, the executor or administrator brings the action as trustee for the parents. The action is not brought on behalf of the estate of the deceased. *McCullough v. W. H. Powell Lumber Co.*, 205 Mo.App. 15, 216 S.W. 803 (1919). By § 537.090 as amended in 1973, plaintiff is entitled to recover ". . . such damages as will fairly and justly compensate such party or parties for any damages he or they have sustained . . ."

Relator here brings the action as trustee for the benefit of the parents of Roberta, an adult child who left no spouse or minor child or children. The petition alleges that the parents are the only persons entitled to any recovery made by the relator in the action. Paragraph 9 alleged proper elements of damage in the action and was improperly stricken. Our alternative Writ of Mandamus is made peremptory.

McMILLIAN, P. J., and REINHARD, J., concur.