O. K. PROCESSING, INC. and MILLS
MUTUAL INSURANCE COMPANY *v.* Mary L.
SERVOLD

78-315                                        578 S.W. 2d 224

Opinion delivered March 26, 1979
(Division II)

*E. C. Gilbreath,* of *Jones, Gilbreath & Jones,* for appellants.

*Jim D. Spears,* for appellee.

JOHN A. FOGLEMAN, Justice. This appeal is the culmination of a complex series of proceedings which resulted from the appellee's claim to the Arkansas Workmen's Compensation Commission for benefits for two compensable injuries suffered on February 6, 1970 and July 3, 1970, while in the employ of the appellant, O. K. Processing. Among the previous proceedings were the opinions of three administrative law judges; three opinions of the full commission, affirming the opinions of the administrative law judges; two orders of the Circuit Court of Sebastian County, remanding the case to the Workmen's Compensation Commission and, finally, a judgment of the Circuit Court of Crawford County, affirming the final opinion of the full commission.

In the commission's last opinion, filed on March 7, 1978, the claimant was awarded weekly benefits of $49.00 from September 19, 1971, until such time as she is shown to no longer be totally disabled. In addition, the appellants were ordered to pay the appellee's attorney's fees in accordance with applicable state law and all medical expenses incurred by the appellee, excluding treatment by any Colorado physician, with the exception of Dr. Glen Koch. The appellants appeal from the finding of the Crawford County Circuit Court that there was sufficient competent evidence to support the award of the commission.

The appellee claimed that as a result of the accidents she suffered blurred vision and pain in her leg and in her lower back. She was examined by several Arkansas physicians, among them, neurosurgeons, opthamalogists, orthopedists and diagnosticians, but none of them were able to determine what precisely was causing the appellee's pain. As a portion of its second opinion, the full commission conditioned the receipt of any further benefits upon the appellee submitting to a psychological examination and evaluation, as had been suggested by Dr. William B. Stanton, an orthopedic surgeon, who was prepared to operate on the appellee in an attempt to alleviate the pain in her leg. Eventually, Dr. Koch examined the claimant in Denver, Colorado, where she and her family had moved, and his deposition was introduced into evidence at a hearing held on March 5, 1976, presided over by the third administrative law judge. It was Dr. Koch's opinion that the appellee suffered from "chronic brain syndrome," an organic impairment of the brain function resulting from injury or trauma to the brain. From his questioning of the appellee concerning her previous medical history and possible prior injuries, Dr. Koch concluded that this injury was occasioned by the appellee striking her head when she was thrown to the ground by the force of an explosion which occurred at her place of employment on July 3, 1970. It was Dr. Koch's opinion that this injury made Mrs. Servold unemployable, and therefore totally disabled, because she was able to follow instructions for only a very limited period of time and would require continual reinstruction to perform even simple tasks.

The appellants raise two points for reversal. The first of

these relates to a statement in the final opinion of the Workmen's Compensation Commission to the effect that, when all doubts are resolved in favor of the claimant, it must be concluded that the administrative law judge's finding that the claimant is totally disabled is correct. The appellants contend that in resolving all doubts in the claimant's favor the commission failed to weigh the evidence according to the accepted standard requiring the claimant to prove the compensability of his or her claim by a preponderance of the evidence. It is true, as appellants contend, that there is no presumption that a claim for workers' compensation comes within the purview of the law, i.e., that it arose out of, and in the course of, the claimant's employment. Ark. Stat. Ann. § 81-1302 (d) (Repl. 1976); *Robbins* v. *Jackson,* 232 Ark. 658, 339 S.W. 2d 417; *Duke* v. *Pekin Wood Products Co.,* 223 Ark. 182, 264 S.W. 2d 834; *Farmer* v. *L. H. Knight Co.,* 220 Ark. 333, 248 S.W. 2d 111; *Pearson* v. *Faulkner Radio Service Co.,* 220 Ark. 368, 247 S.W. 2d 964; *American Casualty Co.* v. *Jones,* 224 Ark. 731, 276 S.W. 2d 41; *American Red Cross* v. *Wilson,* 257 Ark. 647, 519 S.W. 2d 60; *Wilson* v. *United Auto Workers International Union,* 246 Ark. 1158, 441 S.W. 2d 475. But, in a long line of cases, this court has held that, in light of the beneficent and humane purposes of the Workers' Compensation Law [Ark. Stat. Ann. §§ 81-1301 through 81-1349 (Repl. 1976)], all doubtful cases should be resolved in favor of the claimant. *Potlatch Forests* v. *Funk,* 239 Ark. 330, 389 S.W. 2d 237; *Reynolds Metals Co.* v. *Robbins,* 231 Ark. 158, 328 S.W. 2d 489; *Peerless Coal Co.* v. *Jones,* 219 Ark. 181, 240 S.W. 2d 647; *Cummings* v. *United Motor Exchange,* 236 Ark. 735, 368 S.W. 2d 82; *Eddington* v. *City Electric Co.,* 237 Ark. 804, 376 S.W. 2d 550; *McGehee Hatchery* v. *Gunter,* 237 Ark. 448, 373 S.W. 2d 401. This does not mean that a claimant does not have to meet the burden imposed upon him by a preponderance of the evidence. See, *Potlatch Forests, Inc.* v. *Smith,* 237 Ark. 468, 374 S.W. 2d 166; *Hughes* v. *Hooker Bros.,* 237 Ark. 544, 374 S.W. 2d 355; *McFall* v. *Farmers Tractor & Truck Co.,* 227 Ark. 985, 302 S.W. 2d 801. It does mean that, in determining where the preponderance of the evidence lies, the Workmen's Compensation Commission *must* draw all legitimate inferences and resolve doubts in favor of the claimant, viewing and construing the evidence in favor of the claimant and the purpose of the statutes to compensate those, who, by reasonable con-

struction, are within the terms of the Workers' Compensation Law. *American Red Cross* v. *Wilson,* supra; *Brower Manufacturing Co.* v. *Willis,* 252 Ark. 755, 480 S.W. 2d 950; *Herman Wilson Lumber Co.* v. *Hughes,* 245 Ark. 168, 431 S.W. 2d 487; *Burrow Construction Co.* v. *Langley,* 238 Ark. 992, 386 S.W. 2d 484; *Holland* v. *Malvern Sand & Gravel Co.,* 237 Ark. 635, 374 S.W. 2d 822. The commission obviously did not err in resolving all doubts favorably to appellee.

When the commission has determined the question of preponderance, after resolving all doubts favorably to the claimant, it is not for this court to say that the commission decided that question wrongly, if there is any substantial evidence to support the commission's finding, since the courts are not privileged to consider the matter de novo, or to weigh the evidence. *Comer* v. *Pierce,* 227 Ark. 926, 302 S.W. 2d 547; *Burks, Inc.* v. *Blanchard,* 259 Ark. 76, 531 S.W. 2d 465; *Wilson* v. *United Auto Workers International Union,* supra; *Herman Wilson Lumber Co.* v. *Hughes,* supra; *Plastics Research & Development Co.* v. *Goodpaster,* 251 Ark. 1029, 476 S.W. 2d 242; *Oak Lawn Farms* v. *Payne,* 251 Ark. 674, 474 S.W. 2d 408; *Lane Poultry Farms* v. *Wagoner,* 248 Ark. 661, 453 S.W. 2d 43. In our consideration of the evidence, however, we must give. it its strongest probative force in favor of the actions of the commission, because they carry the same weight as a jury verdict.[1] *Holland* v. *Malvern Sand & Gravel Co.,* supra; *Asphalt Materials Co.* v. *Coleman,* 243 Ark. 646, 420 S.W. 2d 921; *Herman Wilson Lumber Co.* v. *Hughes,* supra.

Our disposition of the appellants' first point for reversal leaves us only with the question of whether there was substantial evidence to support the commission's order, which is the substance of the appellants' final point for reversal. The appellants contend that the commission's finding that the appellee has been, and continues to be, totally disabled from September 19, 1971 is not supported by any substantial evidence. Appellants' argument, however, departs from its

---

[1] The statement made in *Comer* v. *Pierce,* supra, that, in determining the sufficiency of the evidence, it should be liberally construed in favor of the claimant has never been followed where the commission has found against the claimant. It was correct in that particular case, because the commission had held in favor of the claimant.

statement of this point. The argument is devoted almost entirely to its concept of the "overwhelming weight of the evidence," the "considerable weight" which should be given to the opinions and reports of doctors selected by the commission, and the query, "How can the Workers' Compensation Commission disregard the testimony of 12 Arkansas doctors, one of whom was selected by the Workers' Compensation Commission itself, and find in favor of the appellee on the basis of the testimony of one out-of-state psychiatrist?"

Upon review of a decision of the Workmen's Compensation Commission, we must accept that view of the facts most favorable to the findings of the commission, weigh and interpret it along with all reasonable inferences deducible therefrom in that light, and affirm where any substantial evidence exists to support its action. *Barksdale Lumber Co.* v. *McAnally,* 262 Ark. 379, 557 S.W. 2d 868; *Purdy* v. *Livingston,* 262 Ark. 575, 559 S.W. 2d 24; *Westark Specialties, Inc.* v. *Lindsey,* 259 Ark. 351, 532 S.W. 2d 757; *Wilson* v. *United Auto Workers International Union,* supra; *Sneed* v. *Colson Corp.,* 254 Ark. 1048, 497 S.W. 2d 673; *Burrow Construction Co.* v. *Langley,* supra; *Herman Wilson Lumber Co.* v. *Hughes,* supra. We consider only that evidence most favorable to the commission's view. *Barksdale Lumber Co.* v. *McAnally,* supra; *Clark* v. *Shiloh Tank & Erection Co.,* 259 Ark. 521, 534 S.W. 2d 240. We have previously found the evidence to be substantial if a fair-minded person could reach the conclusion the commission did, on the evidence submitted. *Julian Martin, Inc.* v. *Indiana Refrig. Lines,* 262 Ark. 671, 560 S.W. 2d 228. In order to reverse the commission's decision, we would have to say that fair-minded men could not reach the conclusion arrived at by the commission. *Herman Wilson Lumber Co.* v. *Hughes,* supra; *Plastics Research & Development Co.* v. *Goodpaster,* supra; *Brower Mfg. Co.* v. *Willis,* supra; *Purdy* v. *Livingston,* supra.

In their brief, the appellants list numerous Arkansas physicians who "found very little wrong with the appellee," and discuss the testimony of some of these doctors at length. However, as the commission pointed out in its final opinion, these physicians were only attempting to establish an anatomical reason for the ailments complained of and the appellants fail to mention that some of these doctors men-

tioned the possibility of a psychological problem and one of them, Dr. William B. Stanton, suggested that the appellee undergo a psychiatric examination before having corrective surgery he proposed, stating:

> *** As a matter of fact, if she were showing some emotional or psychiatric aberrant behavior then indeed this might be the explanation for the patient's continued subjective complaints of back pain which could not be substantiated through this office.

The fact that the surgery suggested by Dr. Stanton may have been for a physical defect unrelated to appellee's injury does not diminish the impact of this testimony.

Dr. Koch was the only witness who conducted a psychiatric evaluation of the claimant and the commission found that the conclusions reached by Dr. Koch were not conflicting with the opinions of the other physicians. Dr. Koch's deposition presented a reasonable explanation for the claimant's complaints of physical discomfort which could not be verified by physical examination. There was no conflicting evidence concerning Mrs. Servold's chronic brain syndrome. The opinion of an expert will be considered to be substantial evidence unless it clearly appears that the expert's opinion is opposed to physical facts or to common knowledge or to the dictates of common sense, or is pure speculation. *Easton v. H. Broker & Co.*, 226 Ark. 687, 292 S.W. 2d 257. Such is not the case here. Resolution of conflicts in medical testimony is a question of fact for the commission, and when the commission chooses to accept the testimony of one physician, where a conflict exists, the courts are powerless to reverse the commission's ruling in this regard, unless it can be said that his testimony is not substantial evidence. *Barksdale v. McAnally,* supra. We cannot say that the finding of the Workmen's Compensation Commission is not supported by substantial evidence.

We have not overlooked appellants' argument that the commission should have found that appellee's healing period had ended. The commission's holding was based upon Dr. Koch's testimony that there was a possibility of improve-

ment, even though it was poor. Dr. Koch said that he had suggested that Mrs. Servold have psychiatric treatment along with medical treatment, and said that if that were undergone, it would relieve her disability and pain to some extent. The commission ordered appellants to pay for necessary future medical expenses, including treatment by Dr. Koch. We find that there was substantial evidentiary support for the commission's holding, but feel that the question as to the end of the healing period will now be ripe for determination.

The judgment is affirmed.

We agree. HARRIS, C.J., and HOLT and HICKMAN, JJ.