CENTRAL MALONEY, INC. and
AETNA CASUALTY & SURETY COMPANY
*v.* Charles Wayne YORK

CA 83-229                                   663 S.W.2d 196

Court of Appeals of Arkansas
En Banc
Opinion delivered January 18, 1984

*Ramsey, Cox, Lile, Bridgeforth, Gilbert, Harrelson & Starling,* by: *Martin G. Gilbert,* for appellants.

*F. Wilson Bynum, Jr., P.A.,* by: *F. Wilson Bynum, Jr.,* for appellee.

DONALD L. CORBIN, Judge. Appellee, Charles Wayne York, was awarded workers' compensation benefits. He

testified that the press brake machine he was operating on September 14, 1981, on behalf of his employer, Central Maloney, Inc., appellant, "cycled through," jerking him off his feet and causing an injury to his back. We affirm.

While there were conflicts in the testimony of appellee, his witnesses and that of the employer, appellants concede that there was substantial evidence to support a decision either upholding or denying appellee's claim.

Attorneys for appellants and appellee have provided this Court with excellent briefs and participated in intelligent as well as stimulating oral arguments. The issue raised on appeal is narrowed in scope to: How do you reconcile the requirement that a claimant prove his injury by a preponderance of the evidence with the doctrine of liberal construction? This issue was apparently triggered by a statement contained in the administrative law judge's opinion, which was adopted by a majority of the full Commission, to-wit:

> After a review of the entire record in this claim it is my opinion that the claimant has proved by a preponderance of the evidence that he suffered a compensable injury on or about September 14, 1981. This decision is necessarily reached after drawing every legitimate inference possible in favor of the claimant and after following a liberal approach in determining whether or not the claimant received a compensable injury. This is as is mandated by the Arkansas Court of Appeals. [See *Bunny Bread, et al.* v. *Shipman,* 267 Ark. 926, 561 S.W.2d 692 (Ark. App. 1980).]

Appellants contend that this statement by the administrative law judge indicates that the administrative law judge was *compelled* to find for appellee. Appellants' attorney further argues that the rule of liberal construction has reached the point where if the claimant adduces substantial evidence, the administrative law judge is compelled or required to find for the employee. He goes further and contends that a claimant would never lose a case if the doctrine is applied as he visualizes it. In support of this

position, appellants rely on an opinion of Judge Newbern in *Johnson* v. *Valmac Industries,* 269 Ark. 626, 599 S.W.2d 440 (Ark. App. 1980), wherein it was stated:

> [W]e have no quarrel with the philosophy of workers' compensation, and certainly none with the notion that the *act should be interpreted* whenever there is doubt as to its meaning, in favor of the claimant. But to say that when there is doubt remaining as to a *factual* issue, and the doubt has been caused by conflicting or equivocal testimony, the resolution of that doubt by the commission must always favor the claimant, is to rob the commission of its fact-finding function which is definitely prescribed by the statute and not to be deprived by us. (Emphasis by the Court.)

A dissent by Justice George Rose Smith in *Boyd Excelsior Fuel Co.* v. *McKown,* 226 Ark. 174, 288 S.W.2d 614 (1956), was noted by Judge Newbern and is relied upon by appellants. Justice Smith's dissent in the *Boyd* case, *supra,* states in part as follows:

> What, then, can be the explanation for the reversal of the Commission's decision upon a question of fact? The answer apparently lies in the final words of the majority opinion, where it is said that compensation cases should be liberally construed and that doubtful cases should be resolved in favor of the claimant. It is undoubtedly true that the compensation law itself should be liberally construed in favor of the workman. It may also be true that the commissioners, within the limits of their consciences, should construe the evidence liberally in the claimant's favor. But if the majority mean that it is reversible error for the Commission to fail to take a liberal view of the evidence in favor of the claim, the decision is demonstrably wrong for several reasons.

It is important to note that Justice Smith has since joined with a majority of the Arkansas Supreme Court in subsequent decisions dealing with this issue.

In writing for a unanimous court in *American Red Cross* v. *Wilson,* 257 Ark. 647, 519 S.W.2d 60 (1975), Justice Fogleman stated:

> We agree with appellants that a claimant bears the burden of proving that his injury was the result of an accident that arose in the course of his employment, and that it grew out of, or resulted from the employment. We do not agree, however, with their argument that the Workmen's Compensation Act does not mandate that the Commission view the evidence liberally in favor of the claimant. To the contrary, the Commission, in considering a claim, must follow a liberal approach and draw all reasonable inferences favorably to the claimant. (citation omitted.) It was the duty of the Commission to draw every legitimate inference possible in favor of the Claimant and to give her the benefit of the doubt in making the factual determination. (citations omitted.) The same rules apply, of course, in determining whether the accident grew out of and occurred within the course of the employment. (citation omitted.)

Again, four years later, Justice Fogleman in writing for a unanimous court in *O.K. Processing, Inc.* v. *Servold,* 265 Ark. 352, 578 S.W.2d 224 (1979), stated:

> The appellants raise two points for reversal. The first of these relates to a statement in the final opinion of the Workmen's Compensation Commission to the effect that, when all doubts are resolved in favor of the claimant, it must be concluded that the administrative law judge's finding that the claimant is totally disabled is correct. The appellants contend that in resolving all doubts in the claimant's favor the commission failed to weigh the evidence according to the accepted standard requiring the claimant to prove the compensability of his or her claim by a preponderance of the evidence. It is true, as appellants contend, that there is no presumption that a claim for workers' compensation comes within the purview of the law, i.e., that it arose out of, and in the course of, the claimant's employment.

(citations omitted.) But, in a long line of cases, this court has held that, in light of the beneficent and humane purposes of the Workers' Compensation Law (citation omitted), all doubtful cases should be resolved in favor of the claimant. (citations omitted.) This does not mean that a claimant does not have to meet the burden imposed upon him by a preponderance of the evidence. (citations omitted.) It does mean that, in determining where the preponderance of the evidence lies, the Workmen's Compensation Commission *must* draw all legitimate inferences and resolve doubts in favor of the claimant, viewing and construing the evidence in favor of the claimant and the purpose of the statutes to compensate those, who, by reasonable construction, are within the terms of the Workers' Compensation Law. (citations omitted.) The commission obviously did not err in resolving all doubts favorably to appellee.

The doctrine of liberal construction has evolved through precedent handed down by the Arkansas Supreme Court to its present state which is best summarized in *O.K. Processing, Inc., supra.*

A review of cases handed down by the Arkansas Court of Appeals leads us to the same conclusion. A few highlighted cases recognizing and adopting the doctrine of liberal construction include: *Mountain Valley Superette* v. *Bottorff,* 4 Ark. App. 251, 629 S.W.2d 320 (1982) [whether claimant was independent contractor rather than employee]; *City of Sherwood* v. *Lowe,* 4 Ark. App. 161, 628 S.W.2d 610 (1982) [whether injury causing claimant's death arose out of and in course of employment]; *Dedmon* v. *Dillard Dept. Stores, Inc.,* 3 Ark. App. 108, 623 S.W.2d 207 (1981) [whether claimant had shown by preponderance of evidence that she sustained accidental injury arising out of and in course of employment]; and *Williams & Johnson* v. *Nat'l Youth Corps,* 269 Ark. 649, 600 S.W.2d 27 (Ark. App. 1980) [whether joint employment occurred so that both employers liable for compensation].

The rule of liberal construction is not a substitute for a claimant's burden of establishing an injury by a pre-

ponderance of the evidence. It has often been stated that the most important rule of the Workers' Compensation Act is to carry out its humane purpose. The Commission is *required* by statute to make a determination of whether a claimant has established a compensable injury by a preponderance of the evidence. We believe that the doctrine of liberal construction can co-exist with the claimant's burden of proof without robbing the Commission of its fact-finding responsibility. We do not agree with appellants' contention that the application of the rule of liberal construction will always result in a decision in favor of claimant.

Turning to the facts of the case at bar, in addition to appellee's testimony at the hearing, the record reflects that appellee presented the testimony of two fellow employees, his wife and brother-in-law in order to establish his entitlement to benefits as a result of an alleged on-the-job injury by a preponderance of the evidence. Appellee stated at the hearing that he had recurring problems with a "stiff back" which would normally "work itself out" after a short period of time and from which he suffered no pain. He further testified that the stiff back in no way interfered with his work and that he had a stiff back on September 14, 1981. Appellee stated that while running metal side panels into the press brake machine on this date, the machine suddenly slammed through, jerking him off his feet and hurting his back. Appellee's witness and co-employee, Jimmy Ellis, testified that he saw the machine cycle through yanking appellee's arms up. Ellis stated that he went over to appellee and appellee told him he was hurt. Ellis testified that the machine had cycled through before. Raymond Cox, another witness for appellee and a co-worker, testified that he did not witness the incident but that he heard appellee was hurt and he walked over to check. He stated that appellee told him what had occurred, was very pale and appeared to be in pain. He also testified to problems with the machine. Appellee's wife testified that her husband was moving fine at home before leaving for work on September 14 and that he had a stiff back. Finally, appellee's brother-in-law testified on rebuttal to the fact that appellee had never hurt his back while cutting or loading wood to his knowledge and that

appellee had not been in the woods cutting or loading wood since the winter before.

Appellants offered the testimony of a co-worker, appellee's supervisor, and vice president of personnel at the hearing. Charlie Ray Lunsford, a co-worker, testified that he did not remember seeing the machine cycle through and jerk appellee off the ground on September 14, 1981. He stated that he would have remembered it and that appellee did not mention anything to him about it. Lunsford recalled that appellee approached their supervisor, J. D. Hill, that evening to tell him that appellee was going home because he did not think he could make it the rest of the night. Lunsford testified that J. D. Hill came over and helped them with a problem with the machine which would prevent it from cycling through. He remembered Jimmy Ellis commenting that he had seen the machine jerk appellee up. Lunsford stated that he was not watching appellee at all times on September 14, 1981, and that he could have been out of the area. Appellee's supervisor, J. D. Hill, testified that appellee arrived at work on September 14, 1981, with a stiff back and in pain. Hill stated that appellee told him that appellee had taken some shots and that his back was hurting badly. Shortly after the work buzzer rang, Hill testified that appellee hollered at him and said he had to call his wife because he was not able to continue. Hill offered to drive appellee home himself and stated that appellee did not say anything to him at any time about having hurt his back on the job. Hill denied talking to any of the other employees about the machine cycling through and also denied working on it that evening to prevent it cycling. Hill further testified that before appellee started work on September 14, 1981, appellee informed him that he and his son had gone to load wood and that appellee was not able to load any part of it. The vice president of personnel testified that he was present at an interview the week before the date of the hearing and he heard Raymond Cox being questioned. He heard Cox state that when he picked appellee up for work on September 14, appellee told Cox that his back was hurting and stated: "You know how it is when you're handling one of those power saws, they'll get your back." Cox testified that appellee did not tell him on the way to work that he had cut wood with a

power saw the previous weekend. Cox stated that he only remembered wood being mentioned in the conversation.

It is evident that there were conflicts in the testimony of the witnesses. However, it is well settled that questions of credibility and the weight and sufficiency to be given evidence are matters for the Commission to determine. It is also well settled that agencies such as the Commission are better equipped by specialization, insight and experience to analyze and determine issues and to translate evidence into findings of fact. *Allen Canning Co.* v. *McReynolds,* 5 Ark. App. 78, 632 S.W.2d 450 (1982). The Commission in the case at bar specifically found that appellee had established his entitlement to benefits by a preponderance of the evidence.

Under our limited standard of review, decisions of the Workers' Compensation Commission must stand if supported by substantial evidence and, in determining sufficiency of evidence to sustain findings of the Commission, testimony must be weighed in its strongest light in favor of the Commission's findings. *Owens* v. *National Health Laboratories, Inc. and Liberty Mutual Ins. Co.,* 8 Ark. App. 92, 648 S.W.2d 829 (1983). This Court is committed to the rule that the findings of fact by the Commission are, on appeal, given the same verity that would attach to a jury's verdict. Substantial evidence has been defined as more than a mere scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It is evidence of such force and character that it would with reasonable and material certainty and precision compel a conclusion one way or the other. *DeFrancisco* v. *Arkansas Kraft Corp.,* 5 Ark. App. 195, 636 S.W.2d 291 (1982).

We cannot say that reasonable minds could not reach the conclusion of the Commission or that the application of the law to that conclusion was erroneous. Nor can we say that it is incorrect under the law as it currently exists for the Commissioners to construe evidence as well as interpret the Workers' Compensation Act liberally in the claimant's favor. The function of the Commission and the scope of review of its decision by this Court have been repeatedly

announced by the numerous decisions of this Court as well as the Arkansas Supreme Court and we must decline to alter them.

Affirmed.

MAYFIELD, C.J., and CRACRAFT, J., concur.

MELVIN MAYFIELD, Chief Judge, concurring. The appellants concede that there is substantial evidence which would support a decision either granting or denying appellee's claim. But that is not the appellants' point. Their contention is that the Commission's decision was not made by finding that the claimant met his burden of proof by a preponderance of the evidence, but by resolving all the inferences in the claimant's favor. That the Commission used that standard is plainly established by the record in this case.

After the Commission had agreed with the administrative law judge and had adopted his decision, the appellants filed a motion for clarification asking that the Commission state whether it determined "the preponderance of the evidence by drawing inferences favorable to the claimant upon evidence which, absent such inferences, would not preponderate in favor of claimant" and the Commission issued another opinion and said "the answer to this question is in the affirmative."

In explaining its answer, the Commission started with the case of *Boyd Excelsior Fuel Company* v. *McKown,* 226 Ark. 174, 288 S.W.2d 614 (1956), and pointed out that the majority opinion stated "doubtful cases should be resolved in favor of the claimant." The next case cited was *Holland* v. *Malvern Sand & Gravel Co.,* 237 Ark. 635, 374 S.W.2d 822 (1964), and the Commission quoted from the majority opinion which stated "where one inference would support an award and another would defeat it, the inference supporting the award must be adopted." The Commission then noted other cases, from the Supreme Court and from the Court of Appeals, for example, *O.K. Processing, Inc.* v. *Servold,* 265 Ark. 352, 578 S.W.2d 224 (1979), and *Bunny*

*Bread* v. *Shipman*, 267 Ark. 926, 591 S.W.2d 692 (Ark. App. 1979), and concluded that a rule of "liberal construction" was "obligatory" upon the Commission.

I agree that the Commission's conclusion is compelled by the decisions of our appellate courts. Although the standard used by the Commission may not completely "shift the burden of proof from the claimant" as claimed by appellants, or may not completely "rob the Commission of its fact-finding function" which was a concern of the court in *Johnson* v. *Valmac Industries*, 269 Ark. 626, 599 S.W.2d 440 (Ark. App. 1980), we should in candor admit that our decisions do not leave the Commission completely free to decide the issues upon a preponderance of the evidence; and if the Commission is not using the proper standard, it needs to be clearly told what standard it should use.

CRACRAFT, J., joins in this concurrence.