Ted QUEEN *v.* ROYAL SERVICE COMPANY and
HARTFORD INSURANCE COMPANY

CA 82-19                                     682 S.W.2d 779

Court of Appeals of Arkansas
En Banc
Opinion delivered January 23, 1985
[Rehearing denied February 20, 1985.*]

*Holmes and Trafford,* by: *Winfred A. Trafford,* for
appellant.

*\*COOPER AND MAYFIELD, JJ., would grant rehearing.

*Bridges, Young, Matthews, Holmes & Drake,* for appellee.

DONALD L. CORBIN, Judge. This is the second appeal of this case involving appellant, Ted Queen, and appellees, Royal Service Company and Hartford Insurance Company. In the first appeal, we reversed the decision of the Workers' Compensation Commission wherein the Commission denied benefits because appellant was the "alter ego" of Royal Service Company. On petition for rehearing, we remanded the case to the Commission to make a determination as to whether or not the injury sustained by appellant arose out of and in the course of his employment because the Commission had not addressed that issue in the prior proceeding. The Commission then remanded the case to the Administrative Law Judge who found that appellant had failed to prove by a preponderance of the credible evidence that he was acting in the course and scope of his employment when he sustained injuries as a result of a motor vehicle accident on June 15, 1979. The Commission affirmed and adopted the ALJ's decision. We affirm.

The issue on appeal is whether the Commission's decision is supported by substantial evidence. For reversal, appellant relies principally upon the decision of *Guidry* v. *J & R Eads Const. Co.,* 11 Ark. App. 219, 669 S.W.2d 483 (1984). There, the claimant was injured and subsequently underwent surgery for a ruptured disc. The claimant was given a permanent partial disability rating as a result of the job-related injury and released to return to work. On appeal, the claimant contended that the rating was insufficient, that his healing period had not ended, that he should be allowed a retroactive change of physicians and that he was entitled to future medical treatment. At a hearing before the Administrative Law Judge, the claimant admitted that he was involved in an automobile accident some five months after his original compensable injury and that suit was filed against the employer of the driver of the other vehicle. The claimant's complaint alleged that he had suffered pain and injuries and acute aggravation of previous disc disease. The claimant also stated under oath in answers to interrogatories that the injury sustained in the auto collision aggravated the

previous back injury. The Commission denied benefits on the basis that there was a new event that occurred which aggravated the claimant's prior injury and went on to state in its opinion that it would not award benefits to a claimant who had previously given sworn statements in a pending lawsuit to the effect that his physical difficulties related to a non-job related auto accident and who later changed his mind and decided to file a workers' compensation claim for additional benefits. In remanding the decision, this Court stated that it was not the Commission's prerogative to refuse compensation to a claimant simply because he was untruthful.

The record in the case at bar reflects that hearings were held on November 1, 1979, and August 8, 1983, to determine whether appellant sustained a compensable injury on June 15, 1979. Following the Commission's remand to the Administrative Law Judge, appellant's attorney requested permission to submit additional evidence "relative to the scope of employment of Mr. Queen and some business records relative to his comp rate." Appellant attempted to introduce an affidavit by Calvin Murphy and ledger sheets of Royal Service Company from August 1978 through July 1979. Calvin Murphy's affidavit was disallowed as appellees objected to the affidavit itself because they had no opportunity to cross-examine and the evidence did not qualify as newly discovered evidence. The second hearing was held on August 8, 1983, to proffer Calvin Murphy's testimony. Calvin Murphy did not appear at the hearing and his deposition was taken later that month. The ALJ subsequently determined that the deposition did not qualify as newly discovered evidence pursuant to the authority of *Walker* v. *J & J Pest Control,* 6 Ark. App. 171, 639 S.W.2d 748 (1982). Calvin Murphy testified in the proffered deposition that he was working on a job at a Bill Fowler's residence in Pine Bluff and that appellant, who was the plumber on the job, "came by to fix the plumbing;" Calvin Murphy could not, however, remember the specific date that appellant came to the job.

In her conclusions, the ALJ stated the following:

Claimant was the only person in the truck at the time of the vehicular accident, and he apparently is the only person who can verify why he was traveling from Pine Bluff to Benton. Under the principle that all reasonable doubts should be resolved in favor of the claimant, claimant's testimony, standing alone, would, in most instances, be sufficient. However, claimant is simply not a credible witness, and I do not believe his testimony that he was acting within the scope of his employment when the accident occurred. Claimant submitted fraudulent income tax returns to the federal government for at least two years. Claimant issued a fraudulent wage statement to Hartford Insurance Company after the injury occurred. Claimant brought a cane to the hearing and testified that he was permanently and totally disabled; however, he was able to win the Senior's Division of the state golf tournament some months previously. Claimant paid for personal expenses out of company funds and listed those expenses as corporate expenses on his corporate income tax returns. In short, it is difficult for me to believe that the only time this claimant has told the truth is when he testified regarding his injury.

In addition, claimant testified that he was going to see a plumber, Bobby Chase, in Benton when the accident occurred. However, the testimony of Bobby Chase has never been submitted or proffered to substantiate that testimony. (Although I have held that the deposition of Mr. Calvin Murphy is not admissible since it does not qualify as newly discovered evidence, and I considered Mr. Murphy's deposition, it would not have changed the result of this opinion since Mr. Murphy did not know what date claimant came by Bill Fowler's residence).

We do not view the above language as amounting to a denial of compensation to appellant solely because appellant was found to be untruthful. Nor do we believe that the holding in *Guidry, supra,* mandates a reversal of this decision.

It is well settled that questions of credibility of witnesses and weight to be accorded evidence presented to the Commission are prerogatives of the Commission and not of the reviewing court and that courts must rely on the Commission's findings because they are better equipped by specialization, insight and experience in matters referred to them than are the appellate courts. *DeFrancisco* v. *Arkansas Kraft Corp.*, 5 Ark. App. 195, 636 S.W.2d 291 (1982). The record in the instant case reflects that the only evidence adduced at the hearings to establish that the injury of June 15, 1979, arose out of and in the course of appellant's employment was the testimony of appellant himself and the Commission determined that appellant was not a credible witness. This determination by the Commission was certainly within its powers and we cannot say that it was not supported by substantial evidence. The burden was upon appellant to establish that the injury he sustained arose out of and in the course of his employment in order for the disability to be compensable.

The Commission found that appellant had failed to prove that his injury arose out of and in the course of his employment and we are unable to say that fair-minded persons, with the same evidence before them, could not have reached that same conclusion.

Affirmed.

COOPER and MAYFIELD, JJ., dissent.

MELVIN MAYFIELD, Judge, dissenting. The majority decision in this case dramatically demonstrates that a hiatus exists in the adjudication of workers' compensation benefits in this state.

In *Central Maloney, Inc.* v. *York,* 10 Ark. App. 254, 663 S.W.2d 196 (1984), handed down almost exactly one year ago, we recognized that "the doctrine of liberal construction has evolved through precedent handed down by the Arkansas Supreme Court to its present state which is best summarized" in the case of *O.K. Processing, Inc.* v. *Servold,* 265 Ark. 352, 578 S.W.2d 224 (1979). The latter case held that, in the

light of the "beneficent and humane" purposes of the Workers' Compensation Law, all "doubtful cases should be resolved in favor of the claimant." And in the case of *Guidry* v. *J & R Eads Const. Co.*, 11 Ark. App. 219, 669 S.W.2d 483 (1984), we said it is not "the Commission's prerogative to refuse compensation to a claimant simply because he is untruthful."

However, despite the holding in both of these cases, we are today affirming a decision where the Commission, without any discussion, merely adopted the law judge's finding that "the claimant is simply not a credible witness, and I do not believe his testimony that he was acting within the scope of his employment when the accident occurred."

The reasons given by the law judge for the conclusion reached are not related to the purpose of the trip which resulted in the motor vehicle accident of June 15, 1979, which the appellant contends occurred within the scope of his employment. The first two reasons — that appellant submitted fraudulent income tax returns and made a fraudulent wage statement to the insurance adjuster — were matters explored in the first hearing of this case and the law judge rendered a decision at that time without mentioning any problem with appellant's credibility. The fact is that by resolving the doubts in appellant's favor, the law judge could have found that the appellant did not report any personal income for the period involved because his corporate employer, Royal Service Company, did not pay him what he earned since the company did not have the money, but that he did "earn" the amount he told the insurance adjuster he "earned" although he did not actually receive it.

The other two reasons stated by the law judge for not believing the appellant were that at the second hearing appellant said he was permanently and totally disabled but had won the "Senior's Division" of the state golf tournament a few months previously, and had paid personal expenses out of company funds but listed them as corporate expenses on his corporate income tax returns. Of course, it is possible to play golf and still be permanently and totally disabled from working as a plumber, but the appellant

testified that he and another man won the tournament and it is also possible to win with a partner who plays well even if you cannot play at all. As to listing personal expenses on corporate income tax returns, the appellant testified this was "real possible" but it is significant that the corporate returns are not in the record.

We are left then, with the law judge's reference to the fact that the appellant was the only person in the truck at the time of the accident and that no one else could verify the purpose of his trip. The law judge, however, would not allow the introduction of the deposition of Calvin Murphy who corroborated appellant's testimony that on the day of the accident appellant went by a job where Murphy was working (which would have been in the scope of appellant's employment), but the law judge stated Murphy's testimony would not have made any difference anyway since Murphy did not remember the *specific* date that appellant came by the job.

It is clear to me that in making the determination of the purpose of the trip that appellant was making on the day of the accident neither the law judge nor the Commission followed the rules of law which hold that doubtful cases are to be resolved in a claimant's favor and that it is not "the Commission's prerogative to refuse compensation to a claimant simply because he is untruthful." Indeed, neither rule is even mentioned in the Commission's opinion.

The hiatus that exists in the adjudication of these cases results from the fact that it is the duty of the Commission to resolve doubtful issues in the claimant's favor but on appeal the question is whether there is substantial evidence to support the Commission's decision. This is similar to the situation in a civil case where the jury must return a verdict based upon a preponderance of the evidence but on appeal the verdict is affirmed if it is supported by substantial evidence. In that situation, however, the Rules of Civil Procedure, Rule 59(a), allows the trial judge to grant a new trial if the jury's verdict is "clearly contrary to the preponderance of the evidence." In workers' compensation cases comparable procedure has not been employed to enforce the

requirement that the Commission resolve doubtful cases in the claimant's favor. I would adopt such a procedure by reversing this case and remanding it with directions that the Commission afford the parties a rehearing in accordance with the rules discussed in this opinion.

I, therefore, dissent from the majority decision.

COOPER, J., joins in this dissent.