George SIEGRIST *v.* K. C. PENNY COMPANY,
INC. and HOME INSURANCE COMPANY

CA 80-347                                             609 S.W. 2d 87
Court of Appeals of Arkansas
Opinion delivered December 10, 1980

*Bud Whetstone* and *J. R. Nash*, for appellant.

*Tom Forest Lovett, P.A.*, for appellees.

DAVID NEWBERN, Judge. The sole point submitted by the appellant for reversal is that the commission erred in determining that medical benefits owed to the appellant were not controverted by the appellees. In effect, the appellant asks us to say that, based upon the facts found by the commission, the medical payments were controverted as a matter of law.

The appellant received an unquestionably compensable injury while employed by K. C. Penney May 8, 1979, The evidence presented by the appellees tended to show they had difficulty ascertaining the appellant's rate of pay. Conferences were held between the adjuster for the insurance company and the appellant and his attorney to make that determination.

The appellant filed a claim with the commission which held he was entitled to an award of temporary disability benefits and medical payments. It was held the award was controverted to the extent of "all temporary disability benefits." It was therefore held the appellant's attorney was entitled to the maximum statutory fee on the controverted part of the award. Ark. Stat. Ann. § 81-1332 (Supp. 1979).

The appellant contends here that the medical payments part of the award was also controverted. Although not stated by the appellant, the purpose of the appeal must be to obtain an addition to the statutory attorney fee based on a percentage of the medical payments awarded.

The commission determined specifically that the medical payments had not been controverted. The record reveals it is undisputed that the only medical bill received by the insurer before the hearing in this case was received by it on August 8, 1979. it was approved for payment by the insurer's claims manager on August 10, 1979, and "put in for payment," but the witness appearing for the insurer could not say definitely the bill had been paid at the time of the hearing.

The only authority cited by the appellant is *Aluminum Co. of America* v. *Henning*, 260 Ark. 699, 543 S.W. 2d 480 (1976), where our supreme court refused to say a finding of controversion could be avoided by an employer or insurer by simply advising the commission it would not controvert the claim. The case treated the question of controversion as one of fact. We will uphold the commission's factual determinations if we find substantial evidence supporting them in the record. *Clark* v. *Peabody Testing Service*, 265 Ark. 489, 579

S.W. 2d 360 (1979); *O.K. Processing, Inc.* v. *Servold*, 265 Ark. 352, 578 S.W. 2d 224 (1979).

In *Turner* v. *Trade Winds Inn*, 267 Ark. 219, 592 S.W. 2d 454 (Ark. App. 1980) this court sustained the commission's finding of no controversion where there had been delay in paying hospital bills. There we held there was substantial evidence that the delay in payment was justified. Here we cannot even say there has been a delay in payment, as no medical bills were even submitted to the appellees for payment until 19 days before the hearing. No evidence showed the appellees declined to pay or delayed payment. There is substantial evidence to support the commission's finding the medical bill was not controverted.

Affirmed.