Tommy IRONS, Employer, and ROCKWOOD
INSURANCE COMPANY *v.* Kenneth MINTON,
Employee

CA 83-200                                              661 S.W.2d 408

Court of Appeals of Arkansas
Division I
Opinion delivered November 23, 1983

*Walter A. Murray,* for appellants.

*Bud Whetstone,* for appellee.

TOM GLAZE, Judge. In this Workers' Compensation case, appellants' arguments for reversal center around whether they controverted appellee's claim. The Commission affirmed the administrative law judge's decision that appellants, commencing October 15, 1981, controverted appellee's claim for temporary total disability benefits, but it reversed that part of the law judge's finding that the controversion had ceased upon appellant's reinstatement of benefits. We affirm the Commission's holdings on both points.

First, appellants contend there is no substantial evidence to support controversion. Our review of the record reveals just the opposite. In reviewing the evidence, we are guided by the principle announced in *Aluminum Company of America* v. *Henning*, 260 Ark. 699, 543 S.W.2d 480 (1976), that the determination whether a claim was controverted is a question of fact for the Commission. *See also Hamrick* v. *Colson Company*, 271 Ark. 740, 610 S.W.2d 281 (1981). The Commission's decision on controversion will not be disturbed if it is supported by substantial evidence. *Aluminum Company of America* v. *Henning, supra.* Here, appellee sustained an injury on January 9, 1980, and accepting the injury as compensable, appellants promptly paid appellee temporary total disability benefits. Dr. Dubose Murray initially treated appellee's injury, finding he suffered from a compression fracture of his dorsal spine. Because Murray failed to communicate with appellants, they referred appellee to Dr. Richard Logue. After examining appellee on October 10, 1980, Logue concluded appellee had recovered from his injury and that, with a vigorous exercise program, he could return to work in four to six weeks.

Dissatisfied with Dr. Logue's evaluation, appellee saw other physicians, one of whom was Dr. Dale Kincheloe. Dr. Kincheloe first saw appellee on June 8, 1981, but it is unclear when appellants first learned that Kincheloe was treating appellee. Nonetheless, appellants admittedly paid Kincheloe's bills for his treatment of appellee, and they conceded that they received a short letter dated October 1, 1981, from Kincheloe, reflecting that he had seen appellee since June 8, 1981, and that appellee would be unable to work for three

months. Prior to receiving Kincheloe's October 1 letter, appellants had terminated appellee's benefits on July 10, 1981, because on that date appellee declined to keep an appointment for a second evaluation by Dr. Logue. On October 15, 1981, appellee filed his claim, alleging his benefits had been controverted.

Appellants argue that they did not consider Dr. Kincheloe's letter of October 1, 1981, a medical report; therefore they found it unnecessary to reinstate benefits. Admittedly brief, Kincheloe's letter did place appellants on notice that he was treating appellee and considered him unable to work. Although furnished this information, appellants not only declined to resume benefits to appellee, they also made no further inquiry or investigation into the matter. Even so, they chose, quite anomalously, to pay Kincheloe's bills for his treatment of appellee's injury. Based on these facts, the Commission held appellants controverted benefits when they failed to reinstate them before appellee filed his claim. We believe the evidence supports such a holding.

Appellants' second contention is couched in terms suggesting that in reaching her decision, the administrative law judge erroneously considered facts which emerged after the December 15, 1981, hearing. Specifically, the law judge initially determined that the controversion of benefits ended on December 15, because it was at the hearing that the appellants voluntarily reinstated benefits. However, appellee did not receive these accumulated benefits until January 7, 1982, because appellants purportedly did not mail them until January 4, 1982. Based upon these events that transpired after December 15, the law judge, without a hearing or formal submission of evidence, extended the period of controversion to January 4, 1982. Appellants argue they were prejudiced by the law judge's supplemental decision to controvert benefits until January 4, and the Commission arbitrarily refused to consider this issue of prejudice on appeal. We disagree.

The Commission obviously disagreed with the judge's findings that controversion ended on January 4, or for that matter December 15. In doing so, it held that *all* temporary

total disability benefits were controverted. Thus, none of the events that occurred after the December 15 hearing in any way influenced the Commission's decision.

Because we review the Commission's findings and decision, not the law judge's, we simply fail to see how the appellants were prejudiced under the circumstances of this case. As discussed earlier, the Commission's finding that appellants controverted benefits is supported by substantial evidence. After making that finding, the Commission's decision to controvert all temporary total benefits was correct. *Cf. Siegrist* v. *K. C. Penny Co.,* 271 Ark. 409, 609 S.W.2d 87 (Ark. App. 1980). Accordingly, we affirm.

Affirmed.

CRACRAFT and COOPER, JJ., agree.