FAIRVIEW KENNELS *v.* Cathy BAILEY

CA 80-392                                    610 S.W. 2d 270
Court of Appeals of Arkansas
Opinion delivered January 21, 1981

*Wallace, Hilburn, Clayton & Calhoon, Ltd.*, by: *John F. Forster, Jr.* and *David Fuqua*, for appellant.

*Satterfield & Moody*, for appellee.

MELVIN MAYFIELD, Chief Judge. This is an appeal from an award of the Workers' Compensation Commission holding that appellant had the requisite number of employees to be subject to the Workers' Compensation Act and that the appellee received an injury arising out of her employment.

It is appellant's first contention that she did not have three or more regular employees and thus was not subject to the act.

Appellant is the sole owner and operator of Fairview Kennels. She admits that appellee Cathy Bailey was a regular employee. She also admits that Lane Miller was a regular employee. The administrative law judge found, and the full commission agreed, that the appellant, her son, and Mrs. Debbie Fout were also regular employees. If appellant had three regular employees, she was subject to the act.

As to Mrs. Fout, it is appellant's contention that she was an independent contractor and not an employee. The commission found that she was an employee. This was a question of fact which we must affirm if there is any substantial evidence to support the finding. *Purdy's Flower Shop* v. *Livingston*, 262 Ark. 575, 559 S.W. 2d 24 (1977).

There was evidence that appellant would make appointments for dogs to be groomed and Mrs. Fout would come in and do the work. At the end of the week the appellant would give Mrs. Fout fifty percent of what had been collected for the grooming. Their arrangement was not written and the appellant testified she had the authority to fire and hire

anyone who worked there. She said Mrs. Fout was a professional groomer and did not need to be told how to do it but at times appellant would tell her "I don't think you ought to shave this dog. You ought to brush it."

In *Purdy's Flower Shop* v. *Livingston, supra*, the Supreme Court pointed out that whether one is an employee or an independent contractor is a question of fact and at page 580 said:

> The primary test is whether the will of the worker or that of the employer dominates the means and method of the work, except as to result. *Parker Stave Co.* v. *Hines*, 209 Ark. 438, 190 S.W. 2d 620. We there pointed out that there are numerous indicia of the relationship utilized as guides to the primary question of control, none of which is conclusive or controlling. Among those we have recognized are: the time for which the workman is employed; the right to terminate the employment without liability; the method of payment, whether by time, job, piece or other unit of measurement; furnishing, or the obligation to furnish, necessary tools and equipment and materials; and the exercise of some slight control of the manner of doing the work, where the nature of the work is such that little supervision is necessary. *Parker Stave Co.* v. *Hines, supra*; *Irvan* v. *Bounds*, 205 Ark. 752, 170 S.W. 2d 674.

We hold that there was substantial evidence from which the commission could have found either way so we affirm the commission's finding that Mrs. Fout was a regular employee. Since this makes three such employees, it is not necessary to discuss the commission's finding with regard to the appellant and her son.

The appellant's second contention is that the evidence does not support the finding that the appellee received an injury arising out of her employment. Appellant contends that there was an "unexplained fall" and that there is no evidence to show it was causally connected to appellee's work.

Both parties agree that there is no appellate decision in

Arkansas dealing with an "unexplained fall" situation. However, we note that § 10.31 of Larson, *Workmen's Compensation Law* (1978) says, "It is significant to note that most courts confronted with the unexplained fall problem had seen fit to award compensation."

The appellee "explained" her fall this way: "I was cleaning the kennels in back and disinfecting them, and I was going to the front to refill the disinfectant bottle, and I fell and couldn't get up." We hold this sufficient explanation for the commission to find that the appellee fell while doing the work her job required and that she thereby received an injury arising out of her employment. This is a question of fact and it has been determined by the commission and unless we find that "fair-minded men could not reach the conclusion arrived at by the commission" we must affirm. *Plastics Research & Development Co.* v. *Goodpaster*, 251 Ark. 1029, 476 S.W. 2d 242 (1922).

We hold that the award of the commission is supported by substantial evidence.

Affirmed.