ROC-ARC WATER COMPANY and
THE HARTFORD INSURANCE COMPANY
*v.* George E. MOORE

CA 83-352                                          664 S.W.2d 500

Court of Appeals of Arkansas
Division II
Opinion delivered February 15 1984

*Dale Grady,* for appellant.

*Gary Eubanks & Associates,* by: *James Gerard Schulze,* for appellee.

LAWSON CLONINGER, Judge. This is an appeal from a decision of the Arkansas Workers' Compensation Commission which awarded disability benefits to appellee, George E. Moore. Appellee allegedly sustained an on-the-job injury on August 24, 1981, while employed by appellant, Roc-Arc Water Company.

The evidence shows that appellee collapsed and fell, striking his head on a concrete floor, while in the process of loading five-gallon mineral water bottles onto a delivery truck. The trauma from the blow to his head caused a brain injury requiring surgery, and resulted in disability.

The Commission found that appellee suffered an "unexplained fall" at work, that it was compensable, and that there was "no medical evidence that any internal condition personal to the claimant and unrelated to his employment caused claimant's fall." Appellant contends that the decision of the Commission has no basis under the facts or the law. We do not agree, and the decision of the Commission is affirmed.

Appellant urges that the decision of the Commission places the cause of appellee's disability somewhere between an "unexplained fall" and an "idiopathic fall," i.e., an occurrence caused by a non-occupational illness or weakness personal to the claimant. The administrative law judge based his finding of compensability upon the fact that "this incident followed weakness and dizziness while performing relatively strenuous work and in the absence of medical proof of internal contributing factors." The law judge, then, as well as the Commission, ruled out an idiopathic cause. The law judge apparently did not rule out the possibility that the injury arose because of the working conditions, giving credibility to the evidence of appellee that he became hot, tired and dizzy just prior to falling; the Commission, however, squarely based its decision upon its

finding that the fall was unexplained, and on this appeal we consider only the decision of the Commission. See *Kearby* v. *Yarbrough Brothers Gin Company*, 248 Ark. 1096, 455 S.W.2d 912 (1970).

There was evidence from which the Commission might have found that appellee's fall arose out of a condition personal to appellee. There was testimony that appellee had suffered some type of seizure on a previous occasion and had been treated at the University of Arkansas Medical Center at that time. There was no medical evidence that appellee suffered any illness prior to his fall or that he was prone to seizures.

The rule is that an appellate court is to review the evidence and all reasonable inferences therefrom in the light most favorable to the Commission and must uphold the Commission's findings if there is any substantial evidence to support them, even if the preponderance of the evidence would indicate a different result. *Hawthorne* v. *Davis*, 268 Ark. 131, 594 S.W.2d 844 (1980).

The Commission found by a preponderance of the evidence that appellee's fall arose in the course of his employment and that it was unexplained, and there is substantial evidence to support that finding. The fact situation in this case is strikingly similar to the one in the case of *Fairview Kennels* v. *Bailey*, 271 Ark. 712, 610 S.W.2d 270 (Ark. App. 1981). In *Fairview Kennels*, this court affirmed the Commission's finding that an unexplained fall was compensable, holding that the decision was supported by substantial evidence. In that case, the claimant had explained her fall as follows: "I was cleaning the kennels in back and disinfecting them, and I was going to the front to refill the disinfectant bottle, and I fell and couldn't get up." The court held that there was a sufficient explanation upon which the Commission could find that the claimant fell while doing the work her job required and that she thereby received an injury arising out of her employment. The court held that this was a question of fact and had been determined by the Commission.

Appellee, in explaining his fall, testified that the truck he was loading was behind schedule; that he had not taken his usual break because they were behind; that he became hot and fatigued and dizzy; that he had just told a fellow employee how tired he was; and that the next thing he knew he fell out and hit the concrete floor.

A question of fact was presented to the Commission, and although the Commission perhaps could have found that the injury was attributable to an idiopathic fall, which would not have been compensable, or to a fall arising out of appellee's employment, the Commission chose to find that the fall was unexplained and there is sufficient evidence to warrant that finding.

Affirmed.

CORBIN and COOPER, JJ., agree.