## NU-WAY LAUNDRY & CLEANERS, Employer and ROCKWOOD INSURANCE COMPANY, Insurance Carrier *v.* Josie PALMER, Employee

CA 84-43                                              670 S.W.2d 464

### Court of Appeals of Arkansas
### Division II
### Opinion delivered June 13, 1984

*Walter A. Murray,* for appellant.

*Lesly W. Mattingly,* for appellee.

LAWSON CLONINGER, Judge. This appeal arises from a decision of the Arkansas Workers' Compensation Commission awarding benefits to appellee for injuries she received in a fall while at work in appellant's cleaning plant. Appellee testified that she slipped in a puddle of water on the floor; appellant presented five witnesses who said that appellee had made statements immediately after the mishap to the effect that her knee had given way. The Commission endorsed the holding of an Administrative Law Judge that appellee's injury arose out of and in the course of her employment with appellant and was compensable. Appellant contends that the award is contrary to the law and the facts of the case. We agree, and we reverse and remand the case to the Commission for reconsideration in the light of the holdings in this opinion.

Appellee injured her knee as a teenager and has a

history of knee slippage and collapse. In her testimony she revealed that her knee had failed her between fifteen to twenty times since 1977. She alone testified to having slipped in the water at the cleaners. The Commission found by a preponderance of the evidence that appellee's fall was idiopathic in origin. Despite this finding, they determined that "whether or not claimant's preexisting left knee condition played a role in her fall, her injuries were compensable because she was performing her assigned duties when the accident occurred."

It appears that in arriving at its decision the Commission fused the distinct categories of "unexplained" and "idiopathic" falls. Further, the Commission dismissed as irrelevant any consideration of the difference between the two.

In *Country Pride* v. *Holly*, 3 Ark. App. 216, 219, 624 S.W.2d 443 (1981) we stated the general rule on the compensability of idiopathic falls, quoting Larson, *Workmen's Compensation Law*, §§ 12.11, 12.14 (1978):

> [T]he effects of such a fall are compensable if the employment places the employee in a position increasing the dangerous effects of such a fall, such as on a height, near machinery or sharp corners, or in a moving vehicle. . . .

> Inevitably there arrive the cases in which the employee suffers an idiopathic fall while standing on a level surface, and in the course of his fall, hits no machinery, bookcases, or tables. At this point there is an obvious temptation to say that there is no way of distinguishing between a fall onto a table and a fall onto a floor, since in either case the hazard encountered in the fall was not conspicuously different from what it might have been at home. A distinct majority of jurisdictions, however, have resisted this temptation and have denied compensation in level-fall cases. *The reason is that the basic cause of the harm is personal, and that the employment does not significantly add to the risk.* (Emphasis added.)

We decided *Country Pride* on different grounds, but we here adopt both the rationale and the rule pertaining to idiopathic falls as set forth in that case.

We briefly addressed the issue of an "unexplained" fall apparently unconnected to a claimant's work in *Fairview Kennels* v. *Bailey*, 271 Ark. 712, 610 S.W.2d 270 (Ark. App. 1981). There we observed that Larson, at *Workmen's Compensation Law*, § 10.31 (1978), had noted that most courts awarded compensation in cases involving un-explained falls. We held that the claimant's explanation that she "fell and couldn't get up" was sufficient for a finding by the Commission that she fell while performing work required by her job and thus received an injury arising out of her employment.

In *Roc-Arc Water Co.* v. *Moore*, 10 Ark. App. 349, 664 S.W.2d 500 (1984), we considered a situation that the employer contended was "somewhere between an 'un-explained fall' and an 'idiopathic fall'." Although we found that there was evidence from which the Commission might have found that the employee's fall was idiopathic in nature, we held that there was sufficient evidence for the Commis-sion to rule, as it did, that the fall was unexplained and arose in the course of the claimant's employment. The fact that we implicitly acknowledged a distinction in kind and conse-quence between idiopathic and unexplained falls in *Roc-Arc* should not pass unnoticed.

The present case goes further than any of the earlier ones in the unexplained/idiopathic line. The Workers' Compensation Commission relied upon *Fairview Kennels, supra,* and its own decision in *Moore* v. *Roc-Arc Water Co.,* WCC Claim No. D113610 (June 6, 1983), in holding that when a fall is attributable to either an unexplained or an idiopathic condition it is nonetheless compensable if the injury occurs while the claimant is doing required work. This ruling of the Commission extends the "unexplained" fall theory to the general rule stated by this Court in *Country Pride* v. *Holly, supra.* If we were to endorse the Commis-sion's position in the instant case, any distinction between

unexplained and idiopathic falls would become blurred and irrelevant.

We reverse the decision of the Commission and remand the case to the Commission for reconsideration in light of this opinion.

CRACRAFT and COOPER, JJ., agree.