## Hideko YOUNG *v.* HEEKIN CANNING CO.

CA 84-220 681 S.W.2d 419

Court of Appeals of Arkansas
Division I
Opinion delivered January 2, 1985
[Rehearing denied January 30, 1985.]

*Bramhall and Duncan,* by: *Phillip J. Duncan* and *Ralph C. Ohm,* for appellant.

*Reid, Burge and Prevallet,* for appellee.

MELVIN MAYFIELD, Judge. This is an appeal from a decision of the Workers' Compensation Commission.

Robert Young was employed at a Blytheville plant where he operated a machine that placed bottoms on metal cans. About three weeks prior to his fatal heart attack, Young suffered pains in his left shoulder and arm. He consulted doctors at the Blytheville Air Force Base who told him he probably had bursitis in that shoulder. On Thursday and Friday immediately preceding his fatal heart attack, he did not go to work and continued to feel bad all through the weekend. Nevertheless, he returned to work at 7:00 a.m. on Monday, November 17, 1980, and worked until about 3:15 p.m. when he was found collapsed and unconscious at his work station. He was taken by ambulance to the office of a Blytheville physician, then to a Blytheville hospital, and subsequently to a Memphis hospital where, on December 7, he died without regaining consciousness.

The administrative law judge denied the claim by Young's widow on the basis that she had failed to prove by a preponderence of the evidence that Young's death was the result of his work. The full Commission affirmed. This appeal followed. We affirm.

Essentially, the argument on appeal is that there was not sufficient evidence to sustain the decision of the Commission. Appellant points out that Young's job was in an area where the noise level was very high and involved watching and refilling a machine that held 22,000 can bottoms and applied 750 per minute. She argues that this presented a stressful work environment which increased the metabolic demand on the heart and caused Young's fatal attack.

Young's widow testified he was 48 years old when he died, that he had retired from the Air Force after 20 years, and had been working at the appellee company since the mid

1970s. She did not know of any heart trouble he had previous to his heart attack on November 17.

An ambulance brought Young to Dr. Ronald Smith's office where they got a heart beat started and then the ambulance took him to the base hospital. Smith testified that, based on his examination of Young and the information he obtained from Mrs. Young, it was his opinion that Young had a heart disease that predated his employment with the appellee company and that his work did not "contribute" to his heart attack but was "an incidential factor." The doctor said the heart attack would have occurred anyway, regardless of what Young was doing, and the fact that he was at work when it happened was "a coincidental fact." Dr. William Flannigan, who treated Young in Memphis, testified that considering the symptoms Young was having on November 17, he would have advised bed rest and restricted activities and he would have told Young that it would be dangerous to work that day. However, he said, if Young had not gone to work, his attack could have occurred at home.

The appellant directs us to a number of cases involving workers' compensation coverage for heart attacks under conditions similar to the one in this case. In *Reynolds Metals Company* v. *Robbins,* 231 Ark. 158, 328 S.W.2d 489 (1959), the court said the fact that Robbins was engaged in only usual and ordinary duties at the time of his death did not bar recovery. The court relied upon a previous decision where it had said:

> Notwithstanding anything we may have said in prior cases, we hold that an accidental injury arises out of the employment when the required exertion producing the injury is too great for the person undertaking the work, whatever the degree of exertion or the condition of his health, *provided the exertion is either the sole or a contributing cause of the injury.* In short, that an injury is accidental when either the cause or result is unexpected or accidental, although the work being done is usual or ordinary. (Emphasis supplied.)

Other cases cited by appellant as standing for the same

proposition are *Hoerner Waldorf Corp.* v. *Alford,* 255 Ark. 431, 500 S.W.2d 758 (1973); *Reynolds Metals Company* v. *Cain,* 243 Ark. 483, 420 S.W.2d 872 (1967); and *Kempner's* v. *Hall,* 7 Ark. App. 181, 646 S.W.2d 31 (1983) We have no problem with those cases because in each the Commission found for the employee, the appellate court affirmed, and the Commission's decision was supported by substantial evidence. This is clearly in keeping with our standard of review which requires that we view the evidence in the light most favorable to the Commission's decision and affirm that decision if it is supported by substantial evidence, *Clark* v. *Peabody Testing Service,* 265 Ark. 489, 579 S.W.2d 360 (1979). We affirm even though a preponderance of the evidence might indicate a contrary result, if reasonable minds could reach the Commission's conclusion, *Bankston* v. *Prime West Corp.,* 271 Ark. 727, 610 S.W.2d 586 (Ark. App. 1981); *Roc-Arc Water Co.* v. *Moore,* 10 Ark. App. 349, 664 S.W.2d 500 (1984). It is because we believe the Commission's decision is supported by substantial evidence that we affirm its decision in this case.

One case cited by appellant does give us a problem. That case is *Dougan* v. *Booker,* 241 Ark. 224, 407 S.W.2d 369 (1966), where the appellate court reversed the decision of the Commission. The distinguishing feature of that case, however, is that an employee with a bad heart collapsed and died on the job shortly after he had "put forth unusual exertion" in his work, and the court makes it clear that it was this unusual exertion that required the Commission's decision to be reversed. Here there is evidence that Young's job was one of the easiest in the plant; that while the machine operated by Young was running, one could leave it long enough to get a cup of coffee and that eight pounds was the most weight Young ever had to lift. Also there was testimony that the noise level was not considered to be "all that loud" and that earplugs were supposed to be worn. Because of this evidence we conclude that *Dougan* v. *Booker* did not require that the Commission find for the appellant as there was substantial evidence from which the commission could find that there was no unusual exertion being made by Young at the time of his collapse on the job and absent unusual exertion it was up to the Commission to determine whether

the exertion used was either the sole or a contributing cause of the heart attack. *Reynolds Metals Company* v. *Robbins, supra.*

Appellant points out that Dr. Smith testified that Young's heart attack was "incidential" to his work and that the doctor said Young's work could have affected the "timing" of his attack. Thus, it is contended that Young's heart attack was compensable because his work aggravated his preexisting condition. *Reynolds Metals Co.* v. *Cain, supra.* Again, applying the substantial evidence rule, we think the Commission could find that Young's work did not aggravate or contribute to his heart attack since Dr. Smith said the work was only incidental to the heart attack and in his opinion the attack would have occurred on the very same day whether Young had been at home or at work.

Finally, we note appellant's argument that the Commission was required to give appellant the benefit of the doubt and to draw all the reasonable inferences favorable to her claim. *Boyd Excelsior Fuel Co.* v. *McKown,* 226 Ark. 174, 288 S.W.2d 614 (1956); *O.K. Processing, Inc.* v. *Servold,* 265 Ark. 352, 578 S.W.2d 224 (1979); and *Bunny Bread* v. *Shipman,* 267 Ark. 926, 591 S.W.2d 692 (Ark. App. 1979). However, the Arkansas Supreme Court has said that the Commission's failure to apply that standard in its determination is not a basis for appellate reversal as the appellate court must affirm if the Commission's decision is supported by substantial evidence. *Buckeye Cotton Oil* v. *McCoy,* 272 Ark. 272, 613 S.W.2d 590 (1981); *Clark* v. *Peabody Testing Service, supra.*

Affirmed.

CRACRAFT, C.J., and GLAZE, J., agree.