SOUTHLAND CORP., d/b/a SEVEN-ELEVEN
STORES, et al. *v.* Connie Diane MAGERS

CA 85-51                                              695 S.W.2d 380

Court of Appeals of Arkansas
Division II
Opinion delivered August 28, 1985

*Walter A. Murray*, for appellants.

*Davidson Law Firm, Ltd.*, by: *Charles Phillip Boyd, Jr.*, for appellee.

LAWSON CLONINGER, Judge. The issue in this appeal is

whether the Workers' Compensation Commission erred in holding that appellee was entitled to an evidentiary hearing to determine whether she was entitled to additional benefits for a compensable injury as well as a change of physician. We conclude that the Commission ruled correctly, and we affirm its decision.

Appellee was employed by appellant Southland Corporation as manager of the accounting department for the Little Rock district on June 25, 1980, when she injured her back while lifting a bottle of carbon dioxide used by a soft drink vendor at a company picnic. Appellants accepted her claim as compensable and paid medical and disability benefits. Because of the nature of her injury, appellee was unable to continue working for appellant and was terminated on July 9, 1980. She held several other related jobs under different employers and underwent physical and psychological therapy.

On July 10, 1982, appellee fell down a flight of steps in her house. She sought workers' compensation benefits, claiming that the fall was attributable to her prior injury. At a hearing on the matter, an administrative law judge found that appellee had failed to prove a relation between the two injuries. The Workers' Compensation Commission affirmed the law judge's ruling in August, 1983, and appellee elected not to bring an appeal to this court.

Appellee subsequently petitioned the Commission for a change of physician and requested a hearing to determine whether she was entitled to additional medical benefits. The administrative law judge denied appellee's request, holding that her failure to appeal the Commission's decision in 1983 denying her additional medical benefits barred her from relitigating the matter under the doctrine of res judicata. The Commission, in an opinion dated November 21, 1984, reversed and remanded for a hearing on the issue. From that decision, appellants bring this appeal.

Appellants contend that the opinion of the Commission is contrary to the facts of the case, that the decision is not supported by substantial evidence, and is contrary to the law. They insist that the additional medical benefits and change of physician sought by appellee had reference to the July, 1982, fall rather than the compensable June, 1980, injury. In appellants' view,

appellee was merely engaging in "doctor-shopping" when she petitioned for a change of physician following her unsuccessful effort to secure compensation for her fall.

Further, say appellants, appellee is barred from seeking a new evidentiary hearing on the basis of res judicata; and that, because appellee did not appeal the Commission's 1983 decision affirming the law judge's determination that she was not eligible for benefits for the 1982 fall, the Commission's decision became the law of the case. They cite *Cooper Industrial Products* v. *Meadows*, 5 Ark. App. 205, 634 S.W.2d 400 (1982), for the principle that neither the administrative law judge nor the Commission is empowered to waive or otherwise extend the thirty day appeal periods provided for at Ark. Stat. Ann. § 81-1325(a) and (b) (Supp. 1983). It is appellants' contention that, by ordering an evidentiary hearing, the Commission violated the doctrine of res judicata and contravened Arkansas statutory and case law.

This argument might carry some weight were it not for the fact that the Commission spelled out as clearly as possible in its opinion of November 21, 1984, that "[t]he only matter foreclosed by [its decision of August 31, 1983] was the question of whether claimant's fall down stairs on July 10, 1982, was a compensable consequence of her admittedly compensable injury of June 25, 1980." The Commission went on to say, in a passage that deserves to be quoted at length:

> We held that [the fall] was not a compensable consequence [of the earlier injury], *but we did not intend to bar claimant from asking for additional medical benefits upon a showing that such care is 'reasonable and neces- sary' and causally related to her original compensable injury.* Such additional medical care may or may not be at the hands of a different physician, but this along with other matters relating to claimant's request for additional medi- cal benefits *all involve issues of fact subject to evidentiary development.* [Emphasis added]

Moreover, the Commission acknowledged that "any claim for medical benefits or any other form of compensation attributable solely to the noncompensable incident of July 10, 1982, would be barred by the principle of res judicata." The opinion emphasized

the duty of appellants to provide "reasonably necessary medical attention" for symptoms that appellee could show were causally related to her 1980 compensable injury.

It is of primary importance to carry out the humane purpose of the Workers' Compensation Act. *Central Maloney, Inc.* v. *York*, 10 Ark. App. 254, 663 S.W.2d 196 (1984). Hence, it is the duty of the Commission to follow a liberal approach and to draw all reasonable inferences in favor of the claimant. *City of Sherwood* v. *Lowe*, 4 Ark. App. 161, 628 S.W.2d 610 (1982). On appeal, our inquiry is limited to a determination of whether the decision of the Workers' Compensation Commission is supported by substantial evidence, and in reaching that conclusion, we are required to view the evidence in the light most favorable to the Commission's decision. *Bunny Bread* v. *Shipman*, 267 Ark. 926, 591 S.W.2d 692 (Ark. App. 1980). We must affirm the Commission's decision if it is supported by substantial evidence, even though a preponderance of the evidence might indicate a contrary result, provided that reasonable minds could have reached the Commission's conclusion. *Young* v. *Heekin Canning Co.*, 13 Ark. App. 199, 681 S.W.2d 419 (1984).

In the instant case, appellants are actually objecting to a factual determination made by the Commission that serves as a logical predicate upon which the order of November 21, 1984, rests. The Commission had to decide whether appellee was requesting a hearing and change of physician in connection with her compensable or noncompensable injury before it could frame an appropriate response. It determined from the records before it that appellant was seeking additional medical benefits for the 1980 compensable injury.

Appellants note that in her original petition for change of physician appellee stated her dissatisfaction with the diagnosis and ratings given her by previous doctors. They contend that, although she later changed the basis of her request, the original petition should be considered as a declaration against a party in interest. While the timing of appellee's petition, coming so soon after the denial of her claim for the 1982 fall, may strike one as rather suspicious, we must not forget that the Commission had access to the complete case history and were in a superior position to view the matter in proper perspective. Questions of credibility

are within the sole province of the Commission. *Osceola Foods, Inc.* v. *Andrew*, 14 Ark. App. 95, 685 S.W.2d 813 (1985).

■ Because, as the Commission said in its opinion, this case involves "issues of fact subject to evidentiary development," we agree that the purposes of the Workers' Compensation Act would be furthered by conducting a hearing. The Commission did not abuse its discretion.

Affirmed.

CORBIN and COOPER, JJ., agree.